### Louis P. Halladay et al. v. J. P. Underwood et al.

1. AGENTS—*General Agency Defined.*—A general agent is one who is empowered to transact all the business of his principal of a particular kind or in a particular place.

2. SAME—*Extent of Authority Can Not be Assumed Because of Convenience.*—Every authority of an agent must find its ultimate source in some act or word of the principal indicative of his intention, and where the authority is sought to be implied from the words or conduct of the principal, its extent can not exceed the necessary and legitimate effect of the words and conduct relied upon.

3. SAME—*Inducement Which Moves an Agent Does Not Enlarge His Authority.*—The consideration or inducement which moves an agent to undertake to bind his principal does not enlarge his authority to bind such principal.

4. JURY—*Polling, When Improper.*—Where a verdict is directed by the court, it is improper to permit the polling of the jury.

Action for Rent.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS. Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 10, 1900.

ALLEN G. MILLS, attorney for appellants.

HAMLINE, SCOTT & LORD, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellants were lessees of appellees under a written and sealed lease. One Trimble was agent of the appellees to collect the monthly rental. The lease was from March 15, 1895, to April 30, 1896, and the rent for the term was

$675, payable in thirteen installments. The rent up to May 1, 1895, was paid to Trimble in regular course. On June 8, 1895, there then remaining accrued and to accrue under the lease, rent to the amount of $600 for the balance of the term, payable in monthly installments of varying amounts, Trimble received $540 from appellants and gave his receipt for $600, as rent from May 1, 1895, to April 30, 1896. In other words, Trimble then accepted from appellants $540 in one sum, for $600, that by the terms of the lease was payable in varying installments of from $25 to $75, maturing each month up to the end of the term.

Of the sum so received by Trimble, he accounted to appellees for the rent accruing up to July 1, 1895, and at about that time seems to have left for parts unknown.

This suit was brought to recover from appellants the remaining rent accruing in installments after July 1, 1895, amounting to $450 and interest.

At the conclusion of all the evidence the court instructed the jury peremptorily to find for the appellees, which was done, and judgment was entered on the verdict.

Appellants concede that bare authority given by appellees to Trimble to collect the rent from month to month as it fell due under the lease, would not suffice to authorize him to receive in advance a part of the rent and acquit for the whole. But they contend that, by the evidence, it appears that Trimble was appellees' general agent, and had the requisite authority to discount the rent in advance, and that what he did was binding upon appellees.

This contention has for its support, evidence, among other less important things, that Trimble had charge of the premises; that appellees, being absent from Chicago much of the time, appellants were told by them that all business connected with the rents, repairs and other matters pertaining to the premises, would have to be transacted with Trimble; that though there was never anything said about his authority to compound or discount the rents, the appellees were never cautioned that Trimble's agency was a limited one; that Trimble had charge of and collected rents

from other premises for appellees, and that appellees believed Trimble had the requisite authority and power to do what was done.

It is a mere question of law whether or not, under such evidence, such an agency was established or could be inferred, as to justify appellants in believing that Trimble had the power to do what was done by him.

It must not be overlooked that the contract of lease was under seal, and it needs the citation of no authority to support the proposition that its terms could not be varied except by authority of equal dignity, of which there is in this case no pretense.

A general agent is defined to be one " who is empowered to transact all of the business of his principal of a particular kind or in a particular place." Mechem on Agency, Sec. 6.

While it is true that the nature and extent of an agency are facts to be proved, yet where the evidence is not disputed, or where accepting, as established facts, all that the evidence favorable to the party contending for the agency tends to show, the question becomes one of law.

Every authority of an agent must find its ultimate source in some act or word of the principal, indicative of his intention, and where the authority is sought to be implied from the words or conduct of the principal, its extent can not exceed the necessary and legitimate effect of the words and conduct relied upon. The extent of the agency can not be assumed because of convenience; it must exist in the intention of the principal, either express or implied.

None of the particulars or inducements surrounding the particular transaction of the payment of the money to and its receipts by Trimble, appear in the record, for the reason that Trimble decamped, and the agent of appellants, who, supposedly, paid the money to him, has died. But, " the consideration or inducement which moves an agent to undertake to bind his principal does not enlarge the authority to bind." Hess v. Heegaard, 54 Ill. App. 227.

The circumstances of a prepayment of rent for a year, under a lease calling for it in monthly installments, was an

unusual one—one which appellants, as business men, might well have hesitated to do in the absence of knowledge of certain authority on the part of Trimble to receive it in discharge of their sealed obligation, and was so extraordinary in character as to put them upon inquiry as to the extent of Trimble's authority in that respect.

All of the conversations that ever took place between appellants and appellees, which related in any manner to the lease or the authority of Trimble, occurred at or before the making of the lease, in March, 1895, about three months before the transaction here involved occurred.

No legal inference can be drawn from anything then said or done of an authorization by appellees for the payment of rent to Trimble, except in accordance with the terms of the lease; and the composition of such rent at a subsequent time, was most clearly without authority.

The principles applicable to a case of this character are enunciated in Thompson v. Elliott, 73 Ill. 221; Smith v. Hall, 19 Ill. App. 17; Nolan v. Jackson, 16 Ill. 272; McHany v. Schenk, 88 Ill. 357; Padfield v. Green, 85 Ill. 529, and authorities therein referred to.

The evidence made no case to be submitted to a jury, and the trial court properly took the case from the jury.

One of the assigned errors questions the act of the court in refusing to allow the jury to be polled, after the directed verdict was returned.

Very little is said in support of this alleged error, although Griffin v. Larned, 111 Ill. 432, is cited, but that was not the case of a directed verdict. The effect of the peremptory instruction was to say to the jury that there was, in the case, no fact for them to find—that only a question of law existed—and it would have been not only useless but improper, under such circumstances, to permit a polling of the jury. Kinser v. Calumet Fire Clay Company, 165 Ill. 505; same case, 64 Ill. App. 437.

Some other matters are argued and have been considered by us, but they are without effective force upon the result.

The judgment must be affirmed, and it is so ordered.