**Michael Abrams, Appellant, v. Harry A. Roth and Company et al., Appellees.**

**Gen. No. 41,652.**

Opinion filed June 9, 1941.

EDWARD H. S. MARTIN, of Chicago, for appellant.

SOLOMON E. HARRISON and EDWARD BERKSON, both of Chicago, for appellees; MARVIN W. BERKSON, of Chicago, and SOLOMON E. HARRISON, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

May 17, 1938, plaintiff filed a creditor's suit in chancery making Harry A. Roth and Company, a corporation, and seven individuals, parties defendant. The seven individuals were served by the sheriff; defendant Harry A. Roth and Company, a corporation, was not served because it had been dissolved in 1932. June 4, 1938, the seven individual defendants filed their motion to strike the complaint and to dismiss the suit. January 8, 1941, the motion was allowed, the suit dismissed and plaintiff appeals.

The substance of the allegations of the complaint is that January 22, 1936, defendant Harry A. Roth and Company, a corporation, and the other defendants, together with "Harry A. Roth, now deceased, were copartners doing business under the name, style and description of Broadview Heights Realty Trust" and were engaged in selling real estate of a certain subdivision located in Cook county, the title to which real estate was held in trust for defendants' benefit by the Liberty Trust and Savings Bank, under a trust agreement dated January 22, 1926; that on that date defendants, including Harry A. Roth, employed defendant Harry A. Roth and Company, a corporation, to act as defendants' agent in selling the real estate, and July 18, 1927, the defendant corporation "sold to the

plaintiff under contract of sale, really on behalf of the partners," Lot 18, Block 6, in the subdivision for $1,900 part of which was paid in cash and other payments made thereafter; that afterward, February 19, 1931, plaintiff, claiming to be entitled to a rescission of the contract and to recover the part of the purchase price he had paid to defendant corporation, instituted suit in the Superior court of Cook county against the corporation; that the corporation was served with process and December 6, 1937, plaintiff recovered a judgment against the corporation for $1,125.17 and costs of $28.20; that December 17, 1937, an execution was regularly issued on that judgment and on the next day delivered to the sheriff and afterward, April 1, 1938, the sheriff returned the writ "no part satisfied."

Plaintiff further avers he still owns the judgment and it remains wholly unsatisfied and that the suit was not brought by collusion with the corporation, the judgment debtor, or any other person "but is instituted for the sole purpose of compelling payment of the said judgment."

That "The partners, by reason of the premises, are indebted to the judgment debtor for the amount of the judgment so recovered against the judgment debtor and are obligated to indemnify the judgment debtor and hold it harmless"; that plaintiff is informed and believes, and upon such information and belief charges the fact to be that "the judgment debtor has real estate or some interest therein, or has moneys on hand or deposited or held for its credit or use, stocks, bonds, promissory notes, [etc.], . . . which it keeps concealed or the title to which is held by others in trust for it and which the plaintiff has been unable to reach by execution"; that the judgment debtor has since the return of the execution put out of his hands, name or possession by some pretended sale, etc., "divers other such real and personal property, with intent to deceive, hinder, delay and defraud" plaintiff from having the judgment satisfied.

The prayer was that an account be taken; that defendants be required to set forth all the facts and particulars "concerning each and all of the matters aforesaid"; that the judgment debtor be decreed to pay and satisfy the amount due on the judgment; that a receiver be appointed and that the judgment debtor be enjoined from transferring or disposing of its property.

There is no allegation in the complaint on information or belief or otherwise that defendants, or any of them, have any property belonging to the defendant corporation, the judgment debtor.

The brief of counsel for plaintiff discloses the fact that all he is seeking is to compel the individual defendants to pay the judgment. In this connection counsel says: "Among the choses in action of the judgment debtor [defendant corporation], which the plaintiff has a right to have applied to payment of his judgment is the obligation of the partners to indemnify the judgment debtor and hold it harmless from the liability, now merged in judgment, incurred by it through sale on behalf of the partners of their real estate in the performance of its agency functions, regardless of whether that judgment has been paid or not."

Since it is admitted by defendants' motion to strike the complaint and to dismiss the suit that defendant Harry A. Roth and Company, a corporation, acted as agent of the other defendants (in executing the contract for the sale of the lot to plaintiff and in receiving the payments from him and the corporation) within the scope of its authority, then under the law, defendants would be required to indemnify their agent, the corporation. Vol. 1, Mechem on Agency, 2d. ed., § 1603; *First National Bank v. Tenney,* 43 Ill. App. 544; *Evans v. Pistorino,* 245 Mass. 94.

Professor Mechem in the section cited says:

"§ 1603. Agent must be indemnified against consequences of lawful acts.—The agent has the right to

assume that the principal will not call upon him to perform any duty which would render him liable in damages to third persons. Having no personal interest in the act, other than the performance of his duty, the agent should not be required to suffer loss from the doing of an act, apparently lawful in itself, and which he has undertaken to do by the direction, and for the benefit and advantage, of his principal. If in the direct performance of such an act, therefore, the agent invades the rights of third persons and incurs liability to them, the loss should fall rather upon him for whose benefit and by whose direction it was done, than upon him whose only intention was to do his duty to his principal. Wherever, then, the agent is called upon by his principal to do an act which is not manifestly illegal, and which he does not know to be wrong, the law implies a promise on the part of the principal to indemnify the agent for such losses as flow directly and immediately from the very execution of the agency.''

In *First National Bank v. Tenney,* 43 Ill. App. 544, Tenney brought suit against the bank to recover expenses incurred by him in litigation growing out of a suit brought against him as a result of what he did while acting as agent of the bank and it was held he could recover. The court there said: ''One of the primary rules of the law of principal and agent, is that the principal is bound to indemnify the agent against the consequences of all lawful acts by him *bona fide* done in pursuance of the authority conferred. Evans' Newell on Agency, 353; Meechem [Mechem] on Agency, § 653; Story on Agency, § 339; *Stocking v. Sage,* 1 Conn. 519; *Greene v. Goddard,* 9 Metcalf, 212–222; Perry on Trusts, § 910. . . .

''The principal is not bound to appeal from a decree rendered against his agent; he may submit to it, but he is bound to indemnify his agent, and this means something more than that after the agent has

paid the judgment, or under it been stripped of his
goods by due process of law, that the principal will
then afford remuneration. . . . When sued for an
act done in pursuance of his employment, he is not
obliged to let judgment go against him, but may de-
fend and recover the expenses of a defense *bona fide*
made.''

The *Evans* case [245 Mass. 94] was a "BILL IN
EQUITY, begun by writ in trustee process . . . by a
judgment creditor of the defendant Dorman-Huxford
Company to compel two other defendants, for whom
the judgment debtor as broker incurred the debt which
was the basis of the judgment, to pay the debt in the
place of the judgment debtor.'' Plaintiff had recov-
ered judgment which on appeal was affirmed. In that
case Dorman-Huxford Company, a Massachusetts cor-
poration, as broker, bought canned goods of the Evans,
Coleman & Evans Company, a corporation, of Van-
couver, British Columbia, for two other parties in two
lots. The Evans Company brought an action against
the Dorman-Huxford Company as purchaser and re-
covered a judgment against it for what was due on the
sale of both lots of goods. The present suit was
brought by the Evans Company against the Dorman-
Huxford Company and the parties for whom the goods
were purchased. "The purpose of the bill is to collect
the amount due on the judgment from the persons for
whom the goods were bought by Dorman-Huxford
Company and who are alleged to be debtors to that
company.'' The court there said (p. 99): "It was
said in *Greene v. Goddard,* 9 Met. 212, at page 222,
'Where an agent, in pursuing the instructions of his
principal, and acting within the scope of his authority,
becomes personally liable for the performance of the
contract he makes for his principal, and without which
personal liability the orders of the principal cannot
be executed at all, or not so well executed, and this is
known by the principal at the time of giving his in-

structions and creating the agency, if a loss occur to the agent, it is most clear that he can look to the principal for indemnity for the damage sustained by him.' *Bibb v. Allen,* 149 U. S. 481, 498.

''It is not always an essential prerequisite in equity to liability on the part of the customer to his broker for indemnification for loss incurred that the latter has actually paid the obligation. In the circumstances here disclosed and in this proceeding in equity, it is not necessary that Dorman-Huxford Company be forced into bankruptcy or make payment of the plaintiff's claim by borrowing money to that end before liability on the part of those ultimately responsible can be established and enforced. As between Dorman-Huxford Company, the brokers or agents, and their customers or principals, the ultimate responsibility is wholly on the latter.'' And continuing the court said (p. 101): ''The plaintiff is not precluded from recovery in this proceeding by recovering judgment against Dorman-Huxford Company. Doubtless that judgment was an election to hold that corporation rather than other defendants as its main debtor. . . . Having obtained judgment against one whom it has elected to hold as its main debtor, it is now attempting to collect that judgment by equitable process against those liable to that debtor.'' The court then discusses the admissibility of certain evidence and continues: ''It was competent as binding between the parties to it, both of whom are parties to this action. It was competent on the further ground that the master's report shows in substance tender of defence of that action to Yunes. He was present in court during the trial, with his attorney, and assisted by furnishing evidence for its defence. This bound the defendants whom Yunes represented and rendered that judgment conclusive against them. *Boston v. Worthington,* 10 Gray, 496, 499. *Boston & Maine Railroad v. T. Stuart & Son Co.* 236 Mass. 98, 102.''

In the instant case under the authorities above cited and particularly the *Evans* case, we are of opinion plaintiff can maintain his suit under the provisions of § 49 of the Chancery Act, ch. 22, § 49, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 106.12]. But unlike the judgment entered in the *Evans* case against the Dorman-Huxford Company, the defendants in the instant case are not bound for the reason there is no allegation in the complaint that defendants knew of the suit brought against Harry A. Roth and Company, a corporation. *Boston v. Worthington,* 10 Gray, [76 Mass.] 496.

But defendants contend the judgment debtor, Harry A. Roth and Company, a corporation, is a necessary party to the instant case and that while it was named in the summons it was not served with process and could not be made a party for the reason that it was dissolved by a decree of the Superior court of Cook county June 18, 1932, and the instant case was not brought until nearly six years thereafter, viz., May 17, 1938. The fact of this dissolution was set up in defendants' motion to strike the complaint and to dismiss the suit which was verified in accordance with the provisions of § 48, of the Civil Practice Act, ch. 110, § 48, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.048].

While some point is made by plaintiff that the dissolution of the corporation is not properly shown by the record, we shall assume for the purpose of this decision that it shows the corporation was dissolved as contended by defendants. But we are of opinion the corporation, the judgment debtor, was not a necessary party. *Quinn v. The People,* 146 Ill. 275. In that case it was held that a judgment debtor was a necessary party to a creditor's bill only where the bill sought to set aside a fraudulent conveyance. In the instant case plaintiff does not seek to set aside any conveyance.

For the reasons stated, the order of the Superior court of Cook county appealed from is reversed and

the cause remanded with directions to overrule the motion to strike and to require defendants to answer.

*Reversed and remanded with directions.*

MATCHETT and McSURELY, JJ., concur.