Paul Zona, Plaintiff-Appellant, v. Del C. Hayes,
Defendant-Appellee.

Gen. No. 49,234.

First District, Second Division.

June 30, 1964.

Greenstein & Solotke, of Chicago (Gerald M. Chapman, of counsel), for appellant.

Jack Edward Dwork and Harry G. Fins, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This action was brought by Paul Zona, on April 9, 1962, in the Municipal Court of Chicago against Del C. Hayes, to recover $4,663.20 and interest claimed to be the balance due him for the sale and delivery of 31 head of cattle to Harold R. Wolf.

The defendant moved to dismiss on the ground that the action was barred by a previous Indiana judgment. The certified record of the previous judgment in the LaPorte County, Indiana Superior Court was attached to the motion. The court sustained defendant's motion and entered a judgment dismissing the action. Plaintiff appeals.

The plaintiff was engaged in raising cattle and other livestock on a farm near Westville, Indiana. Prior to November 30, 1955, plaintiff sold to Harold Wolf, doing business as Wolf Packing Company, 31 head of cattle. At the direction of Wolf the cattle were delivered to Del C. Hayes at a farm near Westville which Hayes was operating. Hayes gave Zona a postdated check for the purchase price payable to the order of Wolf Packing Company. Subsequently Hayes stopped payment on the check.

Thereafter Zona, plaintiff herein, filed an action against Harold Wolf in the LaPorte County Indiana Superior Court for the purchase price of the cattle. Hayes became a party to the Indiana action by virtue of a cross-complaint filed by Wolf. The causes in the Indiana Court were severed for trial. The Indiana action consisted of the complaint against Wolf and the complaint in the nature of a third-party action by Wolf against Hayes. In the third-party action by Wolf against Hayes there was a default judgment against Hayes. This third-party proceeding was settled and the judgment in favor of Wolf and against Hayes was set aside after the judgment of Zona against Wolf.

In the case of Zona against Wolf tried in the Indiana Court the jury (on November 27, 1958) returned a verdict in favor of Zona, the plaintiff in the instant action, and against Wolf for the purchase price of the cattle and on motion of plaintiff Zona, judgment was entered on the same day, February 27, 1958. Plaintiff

147

did not appeal from this judgment. The theory of plaintiff's suit in the Municipal Court of Chicago was that in the purchase of the cattle Harold Wolf was acting as the undisclosed agent for the defendant Hayes.

The plaintiff contends that the pendency of Wolf's cross-complaint in the Indiana action and its determination after the issues between Wolf and Zona were concluded does not make the judgment in that action res judicata. In support of this principle plaintiff cites the case of Abrams v. Harry A. Roth & Co., 310 Ill App 490, 34 NE2d 725. This case upholds the proposition that an agent who suffers loss while acting in the scope of his authority is entitled to an action for indemnification against his principal. This does not, however, preclude invocation of res judicata where a creditor is a *party* to such action.

The case of Boddiker v. McPartlin, 379 Ill 567, 41 NE2d 756, relied upon by plaintiff is quite different from the case at hand. In Boddiker the court held that all of the same issues were *not* before the court and that the foreclosure issue was not determinative of whether partition would lie. All of the pertinent issues present in this case were disposed of in the earlier action.

While Indiana does not have a third-party procedure similar to the procedure outlined in our Civil Practice Act, chap 110, sec 25(2), the Indiana Courts allow the bringing in of additional defendants at the suggestion of the original defendant. Once made a party to the action the additional defendant remains a party for all purposes and judgment may be rendered against him for all purposes. In Todd v. Oglebay, 158 Ind 595, 64 NE 32, the court said, page 34: "A cross-complaint is not recognized by our practice act, but nevertheless it is the manifest spirit of the Code to discourage and abridge lawsuits by granting

148

such liberal procedure as will enable parties to an action to put in issue and litigate all matters of dispute relating to the subject matter in controversy. This view of the Code has uniformly been held by the decisions of this court, and finds support in section 577, Burns' Rev Stat 1901, which provides that the court may, 'when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves.' It may, therefore, be said to be the settled practice in this State, when affirmative relief is due against parties to the suit as to matters germane to the subject matter of the main action, to permit cross-actions against the plaintiff or among codefendants."

The plaintiff next contends that since the adjudication of the issue of agency was *not* shown by the record that the motion to dismiss should not have been granted. In Crockett v. Harrison, 26 Ill App2d 9, 167 NE2d 428, the court stated that the privity necessary in order to invoke estoppel by verdict depends upon the relation of the parties. The court continues at page 13: "The party to be affected, or someone with whom he is in privity, must have litigated, or have had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. (Hedlund v. Miner, 395 Ill 217, 230 (1946) 69 NE2d 862.) The estoppel does not operate against or in favor of one who is neither a party nor in privity with a party to the former action. Sweeting v. Campbell, 2 Ill2d 491, 496 (1954), 119 NE2d 237." In the case at bar the plaintiff was a party to the action and had every opportunity to litigate. After knowing that the jury returned a verdict against Harold Wolf, the plaintiff took affirmative action to confirm the sale of the cattle to Wolf by moving in the Indiana Court to have the judgment entered on the verdict in favor of the plaintiff and against Wolf.

149

Plaintiff at this time had knowledge that Del C. Hayes was a party to the suit since he had been served and had made his appearance.

■ We conclude that the issues arising between plaintiff and defendant Del C. Hayes, were decided in the Indiana action in which both plaintiff and defendant were before the court as parties. The motion by plaintiff in the Indiana action to have judgment entered on the verdict against Harold Wolf represented an election on the part of the plaintiff and foreclosed any future action against Del C. Hayes. This judgment entered by our sister state is conclusive as to the nature and amount of the claim upon which it was based. Under the full faith and credit clause of the Constitution of the United States a valid judgment rendered by a court of one state is binding and conclusive in the courts of a sister state as to the merits adjudicated.

In his second amended statement of claim the plaintiff herein asserts that at the trial in Indiana on February 27, 1958, he ascertained, for the first time, that Harold R. Wolf was the agent in the transaction for Del C. Hayes. After learning of the agency from the testimony of Wolf, who was opposing the effort of Zona to obtain a verdict against him (Wolf), the plaintiff, Zona, on his motion, caused the judgment to be entered on the verdict. Plaintiff Zona made no motion to set aside or vacate the verdict. It is clear from the record that Zona, knowing all the facts, decided to take judgment against Wolf for the balance due on the purchase price of the cattle. We think that the case was correctly decided. The judgment is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.