LESTER L. JOHNSTON, Plaintiff, *v.* MARVIN SUCKOW, Defendant and Third-Party Plaintiff-Appellee.—(MYLES UPTON, Third-Party Defendant-Appellant.)

Fifth District   No. 77-183

Opinion filed December 12, 1977.

Summers, Watson & Kimpel, of Champaign, for appellant.

Frank G. Schniederjon, of Schniederjon & Schniederjon, of Effingham, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Lester Johnston, brought a small claims action in the Circuit Court of Effingham County against Marvin Suckow, defendant and third-party plaintiff-appellee, to recover a sum owed him for certain bulldozing work he had performed on farm property leased by Suckow. Thereafter, Suckow brought into the action Myles Upton, third-party defendant-appellant and owner of the property, seeking from him indemnification, investigation expenses and attorney's fees. Upton's motion to dismiss the third-party complaint was denied. The court below entered judgment in favor of Johnston against Suckow for $460 and in favor of Suckow against Upton for $782, representing indemnification, investigation expenses and attorney's fees. It is from this latter judgment that Upton appeals.

The facts may be briefly stated. In October 1975, Myles Upton purchased farm land, consisting of two tracts, near Effingham, Illinois, subject to a written lease with Marvin Suckow. Shortly after he acquired the farm, Upton met with Suckow and discussed with him the necessity of constructing a low-water bridge between the two tracts and also the possibility of removing a hedge row on the property in order to provide sufficient work for a bulldozer contractor. Suckow subsequently contacted Lester Johnston who reluctantly agreed to accept the job after Suckow guaranteed that there would be a sufficient amount of work to make the job economically feasible. Upton was present at the farm the day Johnston began bulldozing and observed him working but did not speak with him. A few weeks later, Upton paid for the concrete used in

the construction of the bridge that he had earlier instructed Suckow to purchase.

In late December 1975, Johnston presented a bill to Suckow for $760 for the bridge construction and the removal of the hedge row and was told by Suckow that the bill would be forwarded to Upton. Thereafter, a long series of telephone conversations between the three men ensued during which, according to the testimony of Suckow and Johnston, Upton promised to pay the bill after his financial troubles were cleared up. Johnston testified that Upton sent him a check for $200 in March 1976, promising to pay the balance when he received his income tax refund. Johnston contacted Upton again a few months later and was then promised the balance would be paid after the wheat harvest. Upton sent Johnston a check for $100 after the wheat harvest, but Johnston received no further payments after this time.

Myles Upton testified that when he initially discussed the construction work with Suckow he had instructed him not to proceed until he telephoned his approval. Upton maintained at trial that he never gave this approval to Suckow, but that he did, in a telephone conversation with Suckow's wife, authorize that $200 worth of bulldozing work be done. It was because of this limited authorization that he sent Johnston the check for $200 in March 1976. Upton testified that at all times he refused to pay the balance and explained that he sent Johnston an additional $100 in the fall of 1976 because he was concerned that Johnston was not being paid by Suckow.

On appeal, Myles Upton contends that the lower court erroneously decided this case on principles of agency law rather than viewing it as a landlord-tenant dispute, and that the court improperly awarded attorney's fees to Marvin Suckow. Upton also assigns as error on review, the lower court's denial of his motion to dismiss the third-party complaint on the grounds that it was insufficient as a matter of law.

Upton contends that the lower court erred in disregarding the terms of the written lease agreement between Suckow and himself which provided that no improvements were to be made on the property absent written authorization by Upton. As there was never any written authorization given to Suckow to proceed with the bulldozing work, Upton insists that except for the oral authorization for $200 work of work, the work contracted by Suckow violated the terms of their lease agreement. ·

■■■ The general rule of law is that a landlord is not liable to his tenant for the value of improvements voluntarily made by the tenant in the absence of an agreement imposing such liability. (*Lewis v. Real Estate Corp.*, 6 Ill. App. 2d 240, 127 N.E.2d 272 (1st Dist. 1955).) We are aware that a tenant is not *ipso facto* an agent of his landlord (*South Center Department Store, Inc. v. South Parkway Building Corp.*, 19 Ill. App. 2d 61, 153 N.E.2d 241 (1st Dist. 1958)); however, an agency relationship may

exist between a landlord and his tenant by virtue of a specific agreement, or by a landlord's ratification of the acts of his tenant. *Johnson v. Fischer*, 108 Ill. App. 2d 433, 247 N.E.2d 805 (2d Dist. 1969).

■■ Where the existence of an agency relationship is in issue, as in the case at bar, it may be proved by the testimony of the agent regarding the facts and surrounding circumstances that imply knowledge on the part of the supposed principal of certain acts of the agent. (*City of Evanston v. Piotrowicz*, 20 Ill. 2d 512, 170 N.E.2d 569 (1960); *Fredrich v. Wolf*, 383 Ill. 638, 50 N.E.2d 755 (1943).) The authority of an agent must find its ultimate source in some act or word of the principal, indicative of his intention either express or implied. (*Halladay v. Underwood*, 90 Ill. App. 130 (1st Dist. 1900).) While there was conflicting testimony at trial in this cause regarding the authority of Suckow to contract the bulldozing work, there was, we feel, sufficient evidence to conclude that Upton expressly authorized Suckow to contract the work on his behalf.

■■ The trial judge who sees the witnesses and hears the evidence is in a far superior position to find the truth than is a court of review. Where a trial judge has heard witnesses give oral testimony, his findings will not be disturbed unless they are plainly erroneous and contrary to the manifest weight of the evidence. (*Village of Glencoe v. Jackson*, 102 Ill. App. 2d 65, 243 N.E.2d 865 (1st Dist. 1968).) We are of the opinion that the lower court's finding in this cause that an agency relationship existed between Suckow and Upton is supported by the record and, therefore, will not be disturbed.

Having found that the lower court's determination that an agency relationship existed between Suckow and Upton was proper, we must now determine whether that court's imposition of Suckow's attorney's fees and expenses in its judgment against Upton was appropriate.

At the outset we note that the general rule, apart from statute, is that the prevailing party in litigation is not entitled to recover any sum for his attorney's fees. (*Insurance Company of North America v. J. L. Hubbard Co.*, 23 Ill. App. 3d 254, 318 N.E.2d 289 (4th Dist. 1974); *Ritter v. Ritter*, 308 Ill. App. 337, 32 N.E.2d 185 (4th Dist. 1940).) Further, the courts have denied recovery of attorney's fees and expenses in actions for indemnification except where required by the specific terms of a written contract for indemnity. (*Reese v. Chicago, Burlington & Quincy R.R. Co.*, 5 Ill. App. 3d 450, 283 N.E.2d 517 (2d Dist. 1972); *Wiegel v. One La Salle Co.*, 75 Ill. App. 2d 272, 221 N.E.2d 117 (1st Dist. 1966).) It should be carefully noted, however, that the indemnification claims in the cited cases were not founded on an agency relationship between the parties, as exists in the case at bar.

As a general proposition, an agent who himself is guilty of no illegal conduct may be indemnified by his principal for the expenses incurred in defending actions by third persons brought because of the agent's

authorized conduct (*Virginia Corp. v. Russ*, 27 Ill. App. 3d 608, 610, 327 N.E.2d 403, 405 (1st Dist. 1975)). Moreover, "the agent is particularly entitled to his costs in an action brought against him because of the principal's wrongful denial of the agent's authority to make a contract." 3 C.J.S. *Agency* §322 (1973).

■■ The courts in this State have held that when sued for an act done in pursuance of his authority, an agent is not obliged to let judgment go against him; rather he may defend and recover from his principal the expenses of a defense *bona fide* made. (*Abrams v. Harry A. Roth & Co.*, 310 Ill. App. 490, 34 N.E.2d 725 (1st Dist. 1941); *Selz, Schwab & Co. v. Guthman*, 62 Ill. App. 624 (1st Dist. 1896); *First National Bank v. Tenney*, 43 Ill. App. 544 (1st Dist. 1892).) Although not specifically stated in the cited cases, we are of the opinion that attorney's fees are properly includible as an element of an agent's expenses in defending an action brought by a third person and, therefore, ultimately recoverable by him in an action against his principal for indemnification. An agent should not be required to suffer a loss from the doing of an act undertaken by him at the direction, and for the benefit of his principal. Hence, we conclude that the lower court's allowance of attorney's fees and expenses to the agent, Marvin Suckow, in this cause was proper.

The only further determination required is whether Suckow's third-party complaint praying for indemnification from Upton for any judgment entered, and for court costs, investigation expenses and attorney's fees, was legally sufficient.

■■ The rules governing small claims actions were designed to provide an expeditious, simplified and inexpensive procedure for the handling of such claims. (*Dobrowolski v. LaPorte*, 38 Ill. App. 3d 492, 348 N.E.2d 237 (1st Dist. 1976); *Wroclawski v. Waszczyk*, 35 Ill. App. 3d 408, 342 N.E.2d 261 (1st Dist. 1976).) Supreme Court Rule 282 (Ill. Rev. Stat. 1975, ch. 110A, par. 282) provides that a small claims action may be commenced by filing a short and simple complaint setting forth the nature and amount of the plaintiff's claim, giving dates and other relevant information. If a complaint in a small claims action clearly notifies the defendant of the nature of the plaintiff's claims, it states a cause of action. (*Griffin v. Billberry*, 1 Ill. App. 3d 219, 273 N.E.2d 693 (2d Dist. 1971).) In the instant cause, the complaint was sufficient to clearly notify Upton of the nature of the claim and thus stated a cause of action under which Suckow could prove the existence of the agency relationship.

For the foregoing reasons, the judgment of the Circuit Court of Effingham County is affirmed.

Affirmed.

CARTER, P. J., and EBERSPACHER, J., concur.