MARY DOCAS, Plaintiff-Appellee, v. G. A. D., INCORPORATED et al., Defendants-Appellants.

First District (5th Division)   No. 79-702

Opinion filed May 16, 1980.

Albert Brooks Friedman, Ltd., of Chicago, for appellants.

Daniel Nagle and John Steven Cole, both of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendants appeal from a judgment of the trial court in which plaintiff was awarded $4,600 as damages for defendants' alleged breach of contract for the purchase of plaintiff's business.

Their sole contention on appeal is that the trial court erred in granting judgment for plaintiff. More specifically, defendants contend that the trial court erroneously found that they failed to act as reasonable persons in discharging their obligation under the contract they had with plaintiff.

On January 19, 1974, plaintiff, Mary Docas, and defendant, Richard Africk, president of G.A.D., Inc., entered into a written contract by which defendants agreed to purchase plaintiff's business for the sum of $9,600. After some negotiation, the parties agreed that this figure was a fair price for the sale of all equipment, machinery, fixtures and good will of plaintiff's then defunct carryout chicken shop, previously operated under the name of "Little Red Hen" in Skokie, Illinois.

The dispute in this case turned upon whether defendant Africk made reasonable efforts to perform his duties under the condition precedent contained in that contract. That condition was stated in the letter of offer written by Africk to purchase plaintiff's business. It provided:

"G.A.D. incorporated's offer to buy is dependent upon the granting of *acceptable lease terms* by the leassor [*sic*] on the premises at 3560 Dempster, Skokie, Illinois." (Emphasis added.)

The phrase "acceptable lease terms" was defined in an addendum to the offer, written by plaintiff's attorney and signed by Africk, which stated:

"Buyer agrees, that the terms 'acceptable lease terms' in the third (3rd) unnumbered paragraph of the agreement shall mean: that Buyer shall be able to obtain from the Lessor of the premises at 3560 Dempster Street, Skokie, Illinois, the consent of the lessor to the tenancy of Buyer under the terms and conditions as exist between Lessor and George Docas (under lease dated 6/27/72) for the balance of the lease term under said lease; plus an option in favor of Buyer to extend or renew the said lease for an additional five (5) years upon the same terms and conditions except for an increase in rental to $300.00 per month; plus a further option in favor of Buyer to extend or renew the said lease for an additional three (3) years thereafter upon the same terms and conditions except for a further

increase in rental to $350 per month. (Also see paragraph 8 hereof.)"

One or two days after the contract was executed defendant Africk returned the keys to the premises to the plaintiff. Then, on January 31, 1974, he wrote a letter to plaintiff which stated:

"Dear MRS. DOCAS: This will confirm that the keys to GEORGE'S LITTLE RED HEN have been returned to your house on January 31, 1974, and by so doing we hereby cancel our offer to buy the aforementioned business.

We are very sorry circumstances did not permit a satisfactory conclusion to our negotiations.

Sincerely,

/s/ Richard I. Africk
President
G.A.D. Incorporated."

At trial, plaintiff sought to prove that Africk repudiated the contract and that plaintiff was forced to sell the business at a loss. This assertion was premised upon Africk's failure to use reasonable efforts in procuring "acceptable lease terms" from Arthur Peponis, the lessor of the premises at 3560 Dempster, Skokie, Illinois. In contrast, Africk emphasized that his obligation to purchase plaintiff's business was conditioned upon Peponis' cooperation in granting him an assignment of the lease along with the option for the specified eight-year period. According to Africk, Peponis was adamant in his refusal to grant him this lease, and defendants were thereby relieved of liability under the contract.

Peponis testified at trial that in November of 1973, about two months prior to the execution of the contract, he had a conversation with Africk with regard to obtaining a possible lease. Peponis told defendant the following:

"I told him that he's got to buy the business, get [the] assignment from the owner. Then I'll consider him if he is [a] reliable tenant."
Peponis stated that there was no discussion of specific lease terms at this meeting, and denied that he conditioned his willingness to talk to defendant about those terms until the current lease he had with plaintiff expired.

Africk spoke to Peponis on only one occasion after the contract was executed. On January 21, 1974, two days after the agreement was executed, he telephoned Peponis and inquired about obtaining a lease with a five-year option or "as close to it" as possible. Africk testified that Peponis refused this offer, and told him that he would give him a lease containing the same terms as plaintiff's current lease, and would only discuss the possibility of options at a future date. Therefore, Africk

returned the keys to the plaintiff's chicken shop either on the same day he received them, January 19, 1974, or the following day. He stated that the letter he wrote to plaintiff incorrectly stated that the keys were returned to plaintiff on January 31, 1974.

After hearing the testimony of the witnesses and arguments by counsel, the trial court ruled in plaintiff's favor for $4,600, that amount representing the difference between the contract price ($9,600) and the price for which the business was ultimately sold ($5,000). The court's ruling was based upon defendant's failure to use reasonable efforts in procuring "acceptable lease terms" from plaintiff's lessor.

OPINION

Defendants assert that the trial court erred in granting judgment for plaintiff.

Generally, the findings of a trial court will not be disturbed by the reviewing court unless they are clearly contrary to the manifest weight of the evidence. (*Johnston v. Suckow* (1977), 55 Ill. App. 3d 277, 370 N.E.2d 650.) The trial judge who sees the witnesses and hears the evidence is in a far superior position to find the truth than is a court of review. *Johnston.*

As stated earlier, this case focused upon the trial court's determination of whether Africk had made reasonable efforts to discharge his obligation under the contract he had with plaintiff. Defendants' duty to purchase plaintiff's business was conditioned upon securing "acceptable lease terms" from plaintiff's lessor, as provided in the agreement. This provision operated as a condition precedent to defendants' duty to perform. A condition precedent is one which must be performed before a contract becomes effective or which is to be performed by the one party to an existing contract before the other party is obligated. *In re Estate of Albrecht* (1975), 27 Ill. App. 3d 839, 327 N.E.2d 317.

This provision, however, did not allow Africk to escape liability under the contract by authorizing him to only make a token effort to negotiate for the lease. The contract stated that the buyer "shall be able to obtain" the terms specified. This clause provided protection for the buyer from being forced to haggle endlessly with an unwilling lessor, but also required that the buyer use all reasonable efforts in reaching an agreement.

A similar situation arose in *Smith v. Vernon* (1972), 6 Ill. App. 3d 434, 286 N.E.2d 99, where plaintiffs brought suit to recover the earnest money deposit they made to defendants on a contract for the sale of real estate. There, plaintiffs' duty to purchase defendants' property was conditioned upon "their ability to secure a first mortgage." Plaintiffs professed an inability to obtain the mortgage and supported their position with the flat

statement that an offer for the mortgage made by one of the banks was "too high." Plaintiffs made no effort to negotiate with three other potential lenders, and refused the efforts of defendants, who offered to arrange various loan interviews for them. The court held that the absence of proof of plaintiffs' reasonable efforts to procure a mortgage entitled defendants to the forfeiture of the earnest money according to the contract.

Likewise, in the present case, Africk made no showing to the trial court that he made reasonable efforts to negotiate with lessor for the "acceptable lease terms" agreed upon by the parties. He admitted that he only spoke to the lessor on two occasions. The first conversation occurred months before the agreement between plaintiff and defendants was effective. This communication has little relevance to the instant appeal because no "acceptable lease terms" had been specified at that point in time. At this juncture, Peponis refused to negotiate with Africk because no contract then existed between plaintiff and Africk, and plaintiff had not assigned the lease of the premises to Africk or G.A.D., Inc. The second and final conversation between Africk and Peponis is the only one relevant to the disposition of this case. However, this conversation took place after Africk had returned the keys to the premises to plaintiff. In addition, Africk admitted that he never showed Peponis his contract with plaintiff, nor did he ever send a letter to Peponis requesting a lease.

Although the contract did not delineate what steps were required of buyers in procuring the specified terms under the contract, we find that Africk's efforts were properly measured against a standard of reasonableness. The trial court, in its findings of fact and conclusions of law, stated that Africk did not act as a reasonable person in his dealings with the lessor. The court simply felt that defendant's single telephone call to Peponis after the contract was executed was an insufficient and unreasonable effort to negotiate. In addition, the court noted that the testimony of Peponis was credible, and found that he had shown a willingness to negotiate with defendant.

We reiterate that the trial judge who sees the witnesses and hears the evidence is in a far better position to find the truth than is a court of review. (*Johnston.*) The finding by the trial court that Africk did not act as a reasonable person in discharging his duty under the contract is amply supported by the record. We therefore conclude that the court did not err in granting judgment for plaintiff.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.