ALBERTS BONNIE BRAE, INC., Plaintiff-Appellee, v. DON FERRAL, d/b/a The Dean Hills Tree Farm, Defendant-Appellant.

Fourth District   No. 4—89—0156

Opinion filed September 14, 1989.

Donald A. Behle, of Lincoln, for appellant.

Warren Peters, of Lincoln, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Alberts Bonnie Brae, Inc. (Brae), an Illinois corporation, sold defendant Don Ferral (Ferral) a piece of used nursery equipment. Ferral contended the equipment was defective and stopped payment. Brae sued to recover the sale price and prevailed. Ferral appeals and we affirm.

This action began on August 5, 1988, when plaintiff Brae filed a contract action against defendant Ferral, doing business as The Dean Hills Tree Farm, to recover the sale price of the used nursery equipment. Ferral responded with an affirmative defense based on an alleged breach of both express and implied warranties concerning the nursery equipment. On November 29, 1988, after a bench trial the Logan County circuit court entered judgment in favor of plaintiff for the sale price in the amount of $12,500 plus costs. Ferral then filed a motion to vacate and reconsider. On January 20, 1989, after a hearing, the circuit court denied the motion. Ferral filed a timely notice of appeal.

In 1988, to meet business demands, Ferral decided to mechanize the tree extraction process in his nursery. He contacted Wayne Alberts (Alberts), president of Brae, regarding a sale advertisement for some used nursery equipment. The advertisement offered a tree spade mounted on an articulated tractor for the price of $12,500. The advertisement indicated the tree spade had "dug less than 400 trees" and the tractor engine had been "completely overhauled."

On March 13, 1988, after Ferral made a brief on-site inspection, he again contacted Alberts to inform him he would purchase the equipment. In turn, Alberts agreed to promptly deliver the equipment, without charge, to Ferral at his nursery. The prompt delivery was important to Ferral because of a large order for trees. On March

15, 1988, after Alberts had unloaded the equipment at the nursery, Ferral requested he stay and demonstrate its operation to his employees. Alberts then used the tree spade to dig up several varieties of evergreen trees. At this demonstration, Ferral requested Alberts adjust the placement and spacing of the individual blades on the tree spade. With the assistance of a nursery employee, Alberts made minor adjustments to the equipment in accordance with the recommendations of the manufacturer. Ferral approved these adjustments and issued Alberts a check for the sum of $12,500.

After operating the equipment on the next day, Ferral determined the root systems of the trees were damaged in extraction thus preventing commercial resale for transplantation. Unable to make further adjustments in the equipment, he stopped payment on the issued check and sent written notice of contract revocation to Alberts. On March 18, 1988, Ferral attempted, without success, to return the equipment to Alberts. Shortly thereafter, Ferral returned the used equipment to the manufacturer and purchased new equipment for the sum of $12,300.

The issue on appeal is whether Ferral established any breach of warranty as an affirmative defense.

■ This contract action is governed by the Uniform Commercial Code (Code) (Ill. Rev. Stat. 1987, ch. 26, par. 1—101 *et seq.*). The Code provides:

"Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a non-conformity cannot be revoked because of it *** but acceptance does not of itself impair any other remedy provided by this Article for non-conformity." (Ill. Rev. Stat. 1987, ch. 26, par. 2—607(2).)

(See also Ill. Rev. Stat. 1987, ch. 26, par. 2—608(1).) Therefore, where the sold goods are somehow defective, the buyer may plead breach of warranty (see Ill. Rev. Stat. 1987, ch. 26, pars. 2—313, 2—314, 2—315) as an affirmative defense in a contract action.

■ At trial, Ferral maintained Alberts had breached an express warranty as to the condition of the used nursery equipment. (Ill. Rev. Stat. 1987, ch. 26, par. 2—313.) In contrast to the sales advertisement, Ferral alleged the tree spade had actually been used to dig more than 400 trees. To support this allegation, Ferral called two witnesses, a nursery employee and a sales representative for the manufacturer, to testify to the mechanical defects in the nursery equipment. Even without discounting the credibility of these witnesses for bias, their testimony is not sufficient to prove any breach of this express warranty. First, the nursery employee had no previous experi-

ence in operating or repairing a tree spade. Second, the sales representative testified the tree spade did not have any device to record the number of uses of the equipment. The sales representative also testified the defects in the tree spade could be attributed, in part, to either an inexperienced operator or to improper use of the equipment on even a single occasion. Given the equivocal nature of the testimony of these witnesses, the judgment of the circuit court is not against the manifest weight of the evidence.

■ Ferral also maintained Alberts failed to make effective adjustments in the nursery equipment. After careful review of the record on appeal, we find Alberts complied with this express warranty in a reasonable manner. Upon delivery of the nursery equipment, Ferral requested Alberts adjust the placement and spacing of the individual blades on the tree spade. Alberts voluntarily made minor adjustments to the equipment. Ferral then approved these adjustments and issued Alberts a check in payment. On the next day, Ferral stopped payment on the check and sent written notice of contract revocation to Alberts. Under these factual circumstances, Ferral denied Alberts any real opportunity to make lasting adjustments in the nursery equipment.

■ Ferral lastly maintained Alberts had breached an implied warranty as to the condition of the used nursery equipment. (Ill. Rev. Stat. 1987, ch. 26, par. 2—315.) He alleged the tree spade was not fit for the particular purpose of digging evergreen trees. This contention is without merit. There is no implied warranty of fitness for a particular purpose where the buyer has had a reasonable opportunity to examine the goods for defects prior to their acceptance under the sale contract. (Ill. Rev. Stat. 1987, ch. 26, par. 2—316(3)(b).) With used equipment, the buyer must generally accept those defects ordinarily arising from its prior use in business operations. After inspecting the used nursery equipment for such defects, Ferral requested Alberts adjust the blades on the tree spade. He then approved these adjustments and issued Alberts a check in payment. Thus, Ferral relied on his own business judgment in deciding to purchase the used nursery equipment in its then existing condition. See *Sass v. Spradlin* (1978), 66 Ill. App. 3d 976, 384 N.E.2d 464.

■ Ferral also maintains he revoked his acceptance of the spade within a reasonable time and the trial court refused to consider this revocation. The trial court found the defendant had not proved any breach and there was no basis for revocation. We need not address the timeliness of defendant's purported revocation, because the evidence, as viewed by the trial court, established the equipment was not

nonconforming and the buyer could thus not revoke after acceptance. Further, to the extent the equipment was nonconforming, the defendant accepted it with that knowledge and in that condition.

In a contract action, the findings of the circuit court will not be set aside on review unless they are clearly contrary to the manifest weight of the evidence. As the trier of fact, the circuit court is in a superior position to sort out the evidence and weigh it than is a court of review. (*Docas v. G.A.D., Inc.* (1980), 84 Ill. App. 3d 883, 886, 406 N.E.2d 75, 78.) Under the circumstances here, it is not sufficient to show Ferral had expected to operate the used nursery equipment in some other manner than as had been demonstrated by Alberts. We agree with the circuit court Ferral did not sustain his burden of proving any breach of warranty as an affirmative defense. The judgment below is in accord with the evidence.

Affirmed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.