■ RICHARD GORIUP, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, entered in Albany County upon a jury verdict in favor of plaintiff in an action brought under the Federal Employers' Liability Act. (U. S. Code, tit. 45, § 51 *et seq.*) Defendant also appeals from an order denying its motions for dismissal of the complaint and for a new trial. Plaintiff was a painter employed by defendant in one of its shops. In the course of doing some work on a railroad car plaintiff was standing on a scaffolding so constructed that it could be raised or lowered by means of brackets sliding up or down on permanently fixed steel uprights. By means of a "dog" which fitted into notches on the upright, the scaffold could be held in any desired position. To make the movement of the scaffold easier, it was customary to grease the permanent uprights and the brackets which held the scaffold were attached to a cable which extended over a pulley at the top of the uprights and had a counterweight attached to the other end. As plaintiff attempted to lift the scaffolding by pulling down on the counterweight side of the cable and kick the "dog" from its notch, he sustained an injury to his back. He contends that the "dog" stuck and required more than usual effort to free it from the notch because the scaffolding would not rise as easily as it should if the uprights were properly greased. The alleged negligence of the defendant is failing to furnish plaintiff with reasonably safe equipment. This issue was in sharp dispute at the trial. At the close of the trial the trial court was misled by requests from plaintiff's counsel into making an erroneous charge. After the main charge had been completed the following occurred: "Mr. Pennock: Your Honor, I have a couple of requests to charge. The first is this: That under the Federal Employers' Liability Act the law requires that an employer is under the absolute continuing duty at all times to furnish his employees with appliances and equipment which are safe for use by the employee. The Court: I so charge. Mr. Gallup: I except, your Honor. That is a duty of reasonable care, not absolute. The Court: Did you say absolute? Mr. Pennock: I do say that. The Court: I think the statute calls for reasonable care in furnishing such equipment. Mr. Pennock: That is my charge. It has nothing to do with the question of reasonable care. The fact is that they're under an absolute continuing duty at all times to furnish their employees with safe equipment. The Court: I so charged. That's the way I understood it, Mr. Gallup. Mr. Gallup: I except to the word 'absolute,' your Honor. The Court: The jury will remember that it means reasonable. There is no intermission or break, in the duty to furnish reasonable equipment. That's what the word 'absolute' means here." Even under the Employers' Liability Act and using Federal authorities to interpret it, this charge was incorrect. There was no "absolute" duty upon the defendant to furnish safe equipment nor was it an insurer of plaintiff's safety. *Cahill* v. *New York, New Haven & Hartford R. R. Co.* (224 F. 2d 637, revd. on other grounds 350 U. S. 898), wherein the court stated, at page 638: "The duty to provide a railroad employee with a safe place to work is not an absolute duty; if it were the employer would be an insurer of the employees' safety and negligence would be irrelevant. Under the Federal Employers' Liability Act, the employer's duty is the same as that imposed by the common law, namely, to use reasonable care in furnishing his employees with a safe place to work." Counsel for plaintiff now concedes that the charge as originally requested and made is incorrect, but contends that the last-quoted portion of the charge corrects the situation and that thereafter defendant's counsel took no exception. However, defendant's counsel made it perfectly clear that the word "absolute" was objectionable, and nowhere is the word removed from the jury's consider-

ation nor is the correct rule clearly stated. Thus at the very conclusion of the case the jury is left with the impression that the defendant's duty is absolute and beyond the duty to use reasonable care, properly defined. In a close case such an error may not be overlooked. Judgment and order reversed on the law, and a new trial ordered, with costs to abide the event. We have not yet considered the questions of fact. (Civ. Prac. Act, § 604.) Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.