Delores STILWELL, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 20410.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1964.

**932**

John K. Calhoun, Atlanta, Ga., for appellant.

Burt DeRieux, Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant claimed accidental death benefits under the terms of a group insurance policy which provided payment if bodily injury was "effected * * * through * * * accidental means." The immediate cause of death, according to the death certificate, was "accidental death due to voluntary hanging."

Whether the means was accidental or intentional was a question of fact, which in this case was submitted to the jury. United States Mutual Accident Association v. Barry, 1889, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60; and Atlanta Accident Association v. Alexander, 1898, 104 Ga. 709, 30 S.E. 939, 42 L.R.A. 188. Appellant moved for a new trial after entry of judgment on the jury verdict in favor of the insurance company. This motion was denied, and no appeal was taken. Thereafter, she sought relief from the judgment under the provisions of Rule 60(b) (2), F.R.Civ.P., on the ground of newly discovered evidence, which was not discovered in time to move for a new trial under Rule 59(b), F.R.Civ.P. This motion was likewise denied, and this appeal assigns the order of the District Court in this respect as error.

The facts demonstrated a transvestite type of hanging. There was no contention that death was intentional. The object of the hanging was to accomplish a momentary state of unconsciousness through strangulation, stopping short of death by the use of a fail-safe technique in the hanging process. The evidence on the trial described this technique as consisting of something in the nature of a platform or ladder to step back on in the event it became necessary while decedent was suspended in the hanging position, and a type of loop employed in the noose which could be released by pulling the ends of the rope.

The newly discovered evidence consists of a theory or fact based on the type of loop that was used by decedent in the rope by which he was strangled. Contrary to the proof on the trial that the rope was to be released by pulling one or the other end of it, appellant has now discovered that the loop used would hold only while external pressure, such as by

the hand, was being applied to it. Thus, as decedent approached unconsciousness his hand would fall away from the rope or loop, thereby effecting release and a termination of the suspension.

The essence of the new evidence is by way of proof of a greater or more efficient fail-safe technique. The point of the motion and the affidavits filed in support of it is that a loop which holds only while external pressure is being applied to it is much more apt to effect release than the technique described on the trial. The degree of efficiency of the fail-safe was inherent in, and essential to the issue of accidental means presented to the jury on the trial, and it is clear that there was no claim that the fail-safe or escape route was perfect in operation under either technique. The design was for strangulation to the point of unconsciousness, and then escape or relief, but, of course, the ultimate fact was not escape, but death. Nevertheless, it cannot be doubted that the newly discovered *modus operandi* of the noose demonstrates a far more efficient approach to the activity in question.

■■■ Ordinarily on an appeal of this kind, where the motion for relief was based on the ground of newly discovered evidence, the decision of the District Court is reviewed from the standpoint that it rested on sound discretion and will be reversed only where that discretion was abused. And, as the District Court noted, when considering a motion of this kind the burden is on the movant to show that the failure to produce the evidence at the trial was not caused by any lack of diligence, and that it is more than merely cumulative. See English v. Mattson, 5 Cir., 1954, 214 F.2d 406; Chemical Delinting Co. v. Jackson, 5 Cir., 1951, 193 F.2d 123; and Taylor v. Reo Motors, Inc., 10 Cir., 1960, 275 F.2d 699. However, the court here, instead of testing the motion by these rules, concluded that movant had only presented a different opinion based upon facts which had been presented on the original trial. Relief was then denied on the ground that no newly discovered evidence had been offered. We disagree, and hold that the District Court was in error in this view.

■■■ This was an error of law in that it amounted to an application of an incorrect standard. Williams v. Nichols, 4 Cir., 1959, 266 F.2d 389. Appellant is entitled to have her motion considered on the basis that the newly discovered evidence asserted was a fact and not a mere opinion, and the judgment of the District Court must be vacated so that this may be done. Reconsideration on this basis will, of course, rest within the sound discretion of the District Court.

Vacated and remanded for further proceedings not inconsistent herewith.