**SOUTHERN RAILWAY COMPANY, Appellant,**

v.

**Ernest I. FOX et al., Appellees.**

**No. 21176.**

United States Court of Appeals Fifth Circuit.

Dec. 22, 1964.

As Amended Jan. 20, 1965.

Rehearing Denied Feb. 16, 1965.

---

James H. Moore, Atlanta, Ga., Greene, Neely, Buckley & DeRieux, Atlanta, Ga., for appellant.

John Bacheller, Jr., C. James Jessee, Jr., Fisher & Phillips, Atlanta, Ga., Smith, Swift, Currie, McGhee & Han·

562

cock, Atlanta, Ga., for appellee The Mimeograph Co.

H. A. Stephens, Jr., Smith, Field, Ringel, Martin & Carr, Atlanta, Ga., for appellee A. B. Dick Co.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

WHITEHURST, District Judge:

This is an appeal from a judgment for plaintiff and an order of dismissal of appellant's Third-Party Complaint in a personal injury case brought under Title 45 U.S.Code § 51 et seq. (Federal Employers' Liability Act).

The plaintiff below was employed in the Auditing Passenger Ticket Department of the Southern Railway Company. At the time of his injury, he was cleaning an A. B. Dick Offset Duplicator Machine, which had been furnished to and operated by him to print passenger tickets for use throughout the Southern Railway System. While thus engaged and with the motor of said machine running at its lowest speed, one of his fingers was caught between two revolving rollers and severely injured.

■ The complaint alleged unsafe place to work; unsafe equipment; and lack of proper instruction and/or demonstration for the employee's guidance in cleaning said machine. The defendant railroad company filed a Third-Party Complaint against the A. B. Dick Company, the manufacturer of the machine, and against The Mimeograph Company, who distributed, demonstrated, and serviced the machine. Employees of The Mimeograph Company having undertaken on behalf of the railroad to instruct plaintiff in the operation of the machine would render the defendant vicariously liable. Sinkler v. Missouri Pacific R.R., 1958, 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed. 2d 799. The District Court dismissed the Third-Party Complaint on the ground that confusion and undue complications might result in the involved instructions to the jury.

The trial record indicates that the plaintiff presented the case to the jury on one question only, i. e., whether the defendant adequately and properly instructed plaintiff as to the danger inherent in the cleaning of the machine while it was running. No effort was made to develop the claim of defective equipment. Plaintiff confined his case to the issue of due care.

■■ The trial court apparently confused the measure of the responsibility of the railroad under the Safety Appliances Act (Title 45 U.S.C. § 1 et seq.) with the railroad's responsibility under the Federal Employers' Liability Act (Title 45 U.S.C. § 51 et seq.). The plaintiff's case was initiated and tried upon the Federal Employers' Liability Act. An offset duplicating machine is not "equipment" as set forth specifically in § 1 through 11 of Title 45, U.S.C. Therefore, the provisions of the Safety Appliances Act do not apply in this case. The trial court's instructions to the jury as to the measure of responsibility submitted the question of liability under both the F.E.L.A. and the Safety Appliances Act, so that the jury had the option to determine under which of these materially different measures of responsibility it would resolve plaintiff's claim. We think the issue of responsibility was limited to the claim under the F.E.L.A. measured by "due care" rather than by "absolute" responsibility. The following portions of the court's general charge were duly excepted to by the defendant:

"Members of the Jury, I charge you that it is the duty of a common carrier under the Federal Employers' Liability Act to provide its employees with safe working conditions. This statute imposes upon the carrier the *absolute* and continuous duty to have its equipment in proper condition and safe to operate without unnecessary peril to life or limb. * * *

"This, then, forms the issue, Members of the Jury, which you must

determine in this case, that is, whether or not the carrier afforded to this employee a reasonably safe place in which and a reasonable safe appliance and machinery with which to work. * * *"

These instructions could have been understood by the jury as allowing it the choice of two degrees of responsibility which could be imposed on the railroad under the evidence. We hold this was error.

■ The basis of a railroad's liability under the Federal Employers' Liability Act for injury to its employee is "reasonable care". Atlantic Coast Line R. Co. v. Dixon, 5 Cir. 1951, 189 F.2d 525, cert. denied 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628. The rule there announced is:

> "The Federal Employers' Liability Act does not make the employer an insurer of the safety of its employees while they are on duty. The employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated. * * *

> "The employer's duty to its employees is to use reasonable care and prudence to the end that the place in which they are required to work, and the appliances with which they work, are reasonably suitable and safe for the purpose, and in the circumstances, in which they are to be used. The test is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, nor whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe. * * *

> " * * * the parties are entitled to have the jury plainly and correctly instructed, so that there will be

no misapprehension as to the law of the case."

"Absolute" duty is a requirement under the Safety Appliances Act (45 U.S.C. § 1 et seq.); however, as heretofore stated, an offset duplicating machine is not one of the safety appliances specifically set forth in the Safety Appliances Act.

We think the rule announced in Goriup v. New York Central R.R. Co., 1957, 3 A.D.2d 951, 162 N.Y.S.2d 408 (Supreme Court, Appellate Div. Third Dept.), is applicable here, in that an

> " * * * erroneous charge that employer had absolute duty to supply employee with safe equipment was not rendered harmless by court's subsequent statement that the jury should remember that the word 'absolute' meant reasonable and that there was no intermission or break in duty to furnish reasonable equipment."

We now turn to the assignment of error relating to the trial court's dismissal of the Third-Party Complaint. If, as Fox claimed, the proximate cause of his injury was negligent failure of the Railway Company to instruct him properly as to the safe manner of operating the machine in the particulars specified by him, and if, as alleged by the Third-Party Plaintiff, the Railway Company, The Mimeograph Company formed the actual instructions, then Southern would be held liable in the main action solely by reason of the fault of the Third-Party Defendant, The Mimeograph Company. This was clearly alleged in the Third-Party Complaint which was dismissed on the order of the trial court.

■■ We think this is a classic case for the third-party procedure as provided for under Rule 14 of the Federal Rules of Civil Procedure. The trial court has wide discretion in determining whether to permit such third-party procedure to be resorted to. However, if it appears that in the exercise of its discretion the trial court acted on an erroneous theory, then the case must be referred back to

that court for further consideration based upon proper rules. In announcing its decision that the Third-Party Complaint should be dismissed, the court seems to have acted principally on the case of H. C. Railey v. Southern Railway Company, D.C., 31 F.R.D. 519. Here the trial court said:

"The theory under which the third party defendants could be found liable is quite different from the theory of liability under the Federal Employers' Liability Act. One is based on violation of the Federal statute and the other on the theory of common law negligence or contract."

■ In point of fact, since the Southern Railway Company might be found liable by the jury, as it apparently was here, on the theory that the instructions given to Fox *by the employees of The Mimeograph Company were negligent,* it is incorrect to state, as did the trial court, that the theory under which the third-party defendants could be found liable is quite different from the theory of liability under the Federal Employers' Liability Act. Although the courts have consistently found that a slight amount of proof is sufficient to satisfy the requirements of negligence to permit recovery under the F.E.L.A., it, nevertheless, is an action based on negligence. The Southern Railway Company here asserted its claim over against The Mimeograph Company on a similar theory. The question was clearly posed by the third-party complainant, whether, if the Southern Railway Company was liable, The Mimeograph Company would, under the showing of the same evidence against the Railway Company, be liable because it was the actor which brought about the statutory liability of the Railway Company. It appearing, therefore, that in the exercise of its discretion, the trial court applied an erroneous standard, we deem it necessary to vacate the order of dismissal as against The Mimeograph Company with directions that the trial court give further consideration to this issue upon remand. Cf. Stilwell v. Travelers Ins. Co., 5 Cir. 1964, 327 F.2d 931.

The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

The dismissal of the third-party complaint against A. B. Dick Co. is AFFIRMED.