VIRGINIA CORPORATION, Plaintiff-Appellant, *v.* KENNETH RUSS *et al.,*
Defendants-Appellees.

(No. 59920;

First District (1st Division)—April 7, 1975.

Merle L. Royce, II, and James A. Hardgrove, both of Chicago (Sidley & Austin, of counsel), for appellant.

Thomas D. Allen and Robert E. Kehoe, Jr., both of Chicago (Wildman, Harrold, Allen, & Dixon, of counsel), for appellees Kenneth Russ, Elaine Russ, and Harry Prince.

David H. Locks and Lewis R. Shapiro, both of Chicago (Gottlieb and Schwartz, of counsel), for appellees Maurice Sabin and Andrew Demetrios.

Irvin J. Jacobson *pro se.*

Mr. JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Virginia Corporation, is engaged in the lending and investment business. In February, 1961, it arranged for the investment by the defendants in a loan of $1,032,000 to a developer, Vernon Sherman.

In June, 1961, Sherman obtained a construction loan of $3,100,000 for the development of a residential country club from Service Savings & Loan Association (Service), a financial institution insured by the Federal Savings & Loan Insurance Corporation (FSLIC). Sherman then repaid $800,000 of the loan made to him through the plaintiff from a portion of the proceeds of the construction loan he obtained from Service. Sherman repaid the balance of the plaintiff's loan in January, 1962. The plaintiff then distributed to the defendants the principal sum of $1,032,000 plus a profit of $176,000.

In January, 1967, the FSLIC, as assignee of the rights of Service, brought an action in the Federal District Court against the plaintiff and 12 others, including two of the defendants, Kenneth Russ and Harry Prince, and Jerome S. Morris. The complaint alleged that the defendants conspired to induce Service by fraudulent means to make the $3,100,000 construction loan and to divert a portion of the proceeds from that loan in order to repay the real estate loan made to Sherman through Virginia Corporation. It alleged that the "Virginia Corporation loan" was arranged by the plaintiff, as the authorized agent for the investors in the loan, to provide Sherman certain "interim financing" and conditioned on Sherman's repayment of the loan from the proceeds of a subsequent loan which he received from Service. It alleged that the defendants agreed to cause Service to make the $3,100,000 construction loan to Sherman to obtain funds for the repayment of the Virginia Corporation loan at an interest rate of approximately 40% per year. It further alleged that the defendants "diverted" $800,000 from the loan by Service as a partial repayment of the "Virginia Corporation loan." The complaint specifically alleged that the acts committed by Virginia Corporation were done as the duly authorized agent of and in the course and scope of its employment by Russ and Prince.

The plaintiff denied it was a party to the conspiracy or fraudulent acts and filed a third-party complaint against the investors in the loan it had arranged with Sherman, seeking indemnification for any judgment recovered against it and for all expenses incurred by it in the defense of the case, including attorney's fees. The United States District Court dismissed the third-party complaint upon motion of certain of the third-party defendants. The dismissal order stated: "Motions of third-party defendants to dismiss and to strike the Third-Party Complaint are granted for failure to state a cause of action. Third-Party Complaint hereby dismissed as to all third-party defendants."

The case then proceeded to trial on the FSLIC's complaint; and on February 8, 1971, after a 5-week trial, a jury returned a verdict in favor of the plaintiff, absolving it of any liability to the FSLIC. Sherman,

Jerome S. Morris and one other defendant were found jointly and severally liable to the FSLIC in the amount of $150,000.

Virginia Corporation then filed this complaint in December, 1972, in the circuit court of Cook County against the investors in the loan to Sherman to recover its costs in defending its suit in the Federal District Court. The complaint alleged that the plaintiff had arranged the loan to Sherman as the authorized agent for the defendants and that acting in this capacity, upon consummation of the transaction, it had collected their investment and profits and distributed those sums to them. It was alleged that the Federal action arose out of this transaction.

Six of the 11 defendants moved to dismiss the complaint. The motions to dismiss alleged: (1) the complaint failed to state a cause of action; (2) the plaintiff's claim was not filed within the statute of limitations; and (3) the plaintiff's claim was barred under principles of res judicata by the dismissal of its third-party complaint in the Federal suit.

After considering briefs and arguments, the circuit court entered an order on June 14, 1973, directing the defendants to file documents or memoranda on the question of the sole ownership of Virginia Corporation by Jerome S. Morris. The documents submitted by the defendants Russ and Prince disclose that Morris was the sole shareholder of Virginia Corporation and its president.

The trial court dismissed the complaint on September 17, 1973, for two reasons: (1) the Federal District Court's order was an adjudication upon the merits; and consequently, Virginia Corporation's claim was barred under the doctrine of res judicata; and (2) because Morris was the sole shareholder of Virginia Corporation the plaintiff was his alter ego. Consequently, the finding against Morris in the Federal District suit was in effect a finding of culpability on the part of Virginia Corporation.

■■ At the outset, we note that it is recognized by all parties that, as a general proposition, an agent who is himself guilty of no illegal conduct may be indemnified by his principal for "expenses of defending actions by third persons brought because of the agent's authorized conduct." Restatement (Second) of Agency § 439 (1958); see also Mechem, A Treatise on the Law of Agency § 1603 (2nd ed. 1914); *First National Bank v. Tenney*, 43 Ill.App. 544.

The third-party complaint alleged that the plaintiff was not guilty of any illegal conduct and that it acted as agent for the investors-defendants. It prayed for the amount of money the plaintiff would be required to pay for a judgment in favor of FSLIC, and accounting and "all expenses, including attorney's fees, incurred by [the plaintiff] in defending itself against the charges" of the FSLIC. The memorandum order of dismissal discloses the reasoning of the Federal District judge:

1. If the agent himself is guilty of illegal conduct he may not be indemnified.

2. The only way FSLIC could recover from the plaintiff would be by proving that the plaintiff was guilty of illegal conduct.

3. Therefore, the plaintiff could not be indemnified for any judgment on behalf of FSLIC.

It is the position of the plaintiff that the Federal District Court never considered nor passed on its claim for attorney's fees; and the subsequent trial established its innocence of any wrongdoing, a crucial fact that was not before the Federal District Court at the time of the motion. Therefore, the plaintiff argues, the doctrine of res judicata is not applicable.

The defendants rely on Rule 41(b) (Fed. R. Civ. P. 41(b)), which provides in part:

> "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

It is clear that the District Court's order is not a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, which deals with failure to join an *indispensable* party; it is also clear that the order does not specify that it shall *not* operate as an adjudication upon the merits. Consequently, on its face the order is, as the defendants contend, an adjudication upon the merits.

The plaintiff seeks to avoid the impact of the order and the failure to appeal from it by now conceding that the order was correct. It advances a number of reasons for its concession. First, the plaintiff says that the court could have concluded that the claim for legal expenses was premature, citing *Admiral Oriental Line v. United States* (2d Cir. 1936), 86 F.2d 201, 204. The case is authority against the plaintiff's position. In that case the Circuit Court of Appeals in fact reversed a dismissal of a third-party complaint. The plaintiff apparently relies on the following language:

> "So viewed the only question would be whether it [the third-party complaint] stated a cause of action, which in turn depends upon whether an agent may sue before he has suffered loss, even when a third party is suing him. As a complaint in an action at law, such a petition would be premature; the plaintiff having paid nothing, may not yet call for indemnity. [Citations.]"

But in the very next sentence the court said:

> "In equity, however, the rule is otherwise; before paying the debt a surety may call upon the principal to exonerate him by dis-

charging it; he is not obliged to make inroads into his own resources when the loss must in the end fall upon the principal. [Citations.]"

Neither of the Illinois cases cited, *Brand v. Henderson*, 107 Ill. 141, and *Otter Creek Lumber Co. v. McElwee*, 37 Ill.App. 285, involved third-party actions. Indeed, at the time both cases were decided, the only procedure available to those defendants for impleading a third party was the common-law tender of defense. Ill. Ann. Stat. ch. 110, § 25, Historical and Practice Notes (Smith-Hurd 1968).

Rule 14(a) permits a defendant to file a third-party complaint against any "person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The plaintiff now argues that its claim was not one which comes within the normal scope of Rule 14(a) in that the attorney's fees paid were not part of the plaintiff's claim against it. Implicit in the plaintiff's argument is the contention that the third-party complaint may be only for the precisely same claim and amount as the original complaint.

We believe the clear answer to the plaintiff's argument lies in Rule 18(a), which provides:

"A party asserting a claim to relief as an original claim, counter-claim, crossclaim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as he has against an opposing party."

Before the amendment of Rule 18(a) in 1966, there was some question as to whether or not under Rule 14(a) a third-party complaint could seek amounts in excess of the plaintiff's claim or authorize the defendant to raise additional claims in the third-party complaint. (Compare *Noland Co. v. Graver Tank & Manufacturing Co.* (4th Cir. 1962), 301 F.2d 43, with *C.W. Humphrey Co. v. Security Aluminum Co.* (E.D. Mich. 1962), 31 F.R.D. 41.) It is now recognized that since Rule 18(a) expressly authorizes the third-party plaintiff to join additional claims, it must follow that his claim may ask for affirmative relief above the amount of the plaintiff's claim. (See 3 Moore's Federal Practice ¶ 14.07(2) (2d ed. 1974).) Even before Rule 18(a) was amended, in *Paliaga v. Luckenbach Steamship Co.* (2d Cir. 1962), 301 F.2d 403, it was held that the defendant's attorney's fees may be encompassed in an indemnity agreement between the defendant and a third-party and may be claimed in the third-party action. We judge, therefore, that the claim for attorney's fees was properly joined with the prayer for indemnity for amounts due the plaintiff and did come within the scope of Rule 14(a).

Last, the plaintiff argues that the District Court had discretion to hear or dismiss the plaintiff's third-party claim for legal expenses and points

out that the Court was presented with a complex claim for $20,000,000 and that it is understandable that the Court wanted to avoid the "additional burden and possible confusion of the issues in the case which might be attendant to Virginia Corporation's claim for legal expenses."

There are a number of answers to the plaintiff's argument: First, no judge has unbridled discretion and abuses thereof are appealable. In *Southern Ry. Co. v. Fox* (5th Cir. 1964), 339 F.2d 560, the Court of Appeals reversed the dismissal of a third-party complaint holding that the trial court had abused its discretion. Second, judging from its memorandum, the trial court did not exercise its discretion based on the magnitude of the judicial burden imposed by the third-party complaint but simply held that the complaint did not state a cause of action. Third, third-party complaints should not be dismissed simply because they are complex. All third-party complaints to some degree confuse the principal issue. In determining the propriety of allowing impleader, the court could consider the means at its disposal to prevent prejudice or confusion. For example, the court could order a separate trial under Rule 42(d); and even where all the claims were litigated at one trial, the court could, under Rule 49, isolate for the jury's consideration, those issues of fact which pertain only to the third-party claim. 3 Moore's Federal Practice ¶ 14.05 (1) (2d ed. 1974).

■■ The plaintiff did not ask for a severance; it did not reassert its claim after the verdict in its favor; it did not ask that the court reserve its ruling; and it did not appeal. In our view the third-party complaint met all the requirements of Rule 14(a) and the plaintiff should have appealed from the dismissal. We judge, further, that the dismissal was an adjudication upon the merits under Rule 41(b). Consequently, the circuit court properly held that the order of the Federal District Court was res judicata of the plaintiff's claim and properly dismissed the complaint. See *Papilsky v. Berndt* (2d Cir. 1972), 466 F.2d 251, 254-255; *Rinehart v. Locke* (7th Cir. 1971), 454 F.2d 313, 314.

In view of our holding, it is unnecessary to pass on the question of whether Morris was the alter ego of the corporation or whether the complaint was barred by the statute of limitations. The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.