*In re* SALMONELLA LITIGATION

First District (5th Division)   Nos. 1—88—2535, 1—89—0927, 1—90—0992, 1—90—1713, 1—90—1962 cons.

Opinion filed June 4, 1993.—Modified opinion filed August 6, 1993.— Rehearing denied August 10, 1993.

William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for appellants.

Pope & John, Ltd., of Chicago (Michael J. Howlett, Jr., and Sandra D. Oliszewicz, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

This appeal involves the trial court's denial of the claims of 77 plaintiffs filed pursuant to the "Salmonella Personal Injury Claims Facility Agreement" (the Agreement). Plaintiffs in the case at bar are members of a consolidated class of persons who experienced injuries or damages arising from dairy products purchased from Jewel Companies, Inc. (Jewel), and contaminated with the salmonella bacteria. Jewel conceded its liability for compensatory damages to this class of individuals and on April 30, 1987, entered into the aforementioned Agreement, which set forth a procedure for the submission of an "Official Claim Form" (claim form) by a cutoff date or "bar date." The Agreement further provided that the court could, in its discretion, and in the interests of justice, permit the filing of claim forms after the bar date.

Plaintiffs in the present appeal were entitled under the provisions of the Agreement to file and to participate in the settlement of their claims. For various reasons, however, plaintiffs were unable to file their claims prior to the bar dates set by the court. (By order of April 30, 1987, the trial court initially designated August 15, 1987, as the bar date. By order of December 10, 1987, the trial court ordered that all claims filed from August 17, 1987, through September 15, 1987, were to be considered as though timely filed.) Plaintiffs filed motions in the trial court seeking the discretion of the trial judge as provided by the Agreement in allowing their late claims to be filed. The trial judge, however, denied these motions, and plaintiffs appealed.

On appeal, plaintiffs argue that the trial judge abused his discretion in denying their late-filed claims. They maintain that such discretion is not "unbridled" (*Virginia Corp. v. Russ* (1975), 27 Ill. App. 3d 608, 613, 327 N.E.2d 403, 407) and further allege that the trial judge acted without any rational basis whatsoever in denying their motions while allowing the claims of other plaintiffs who gave identical reasons for their late filings. While agreeing with plaintiffs that an abuse

of discretion would occur if no reasonable person would take the view adopted by the trial court (*In re Marriage of Petrovich* (1987), 154 Ill. App. 3d 881, 507 N.E.2d 207), defendants maintain that the trial judge's decisions were reasonable, that his evaluation of one late claim did not set a precedent for future claims, and that under any standards his rulings should withstand the scrutiny of this court.

In our review of the various rulings from which plaintiffs appeal, we consider not whether we agree with the decisions of the trial court, but whether such decisions were reached arbitrarily or made in a principled manner so that substantial injustice would not occur. Our evaluation necessarily takes into account the factual differences and similarities of the claims denied by the trial court.

In the late claim hearing of April 14, 1988, the trial judge denied the claims of the following plaintiffs.

### 1. CAROL BAUSSER

Carol Bausser filed her claim on October 13, 1987. She testified in her affidavit and at the April 14, 1988, hearing that although she had filed a timely claim for her minor son, she was confused about whether she herself was eligible to file as she did not have a positive culture for the salmonella bacteria. The trial judge denied her claim although he allowed the claims of Anthony Borre filed on the same day due to his confusion over eligibility. Borre explained that he was confused about his eligibility as he thought his children's previous settlements foreclosed further litigation. In response to Borre's claim, the trial judge stated, "Well, he was under a misapprehension. I'll allow that one." (The trial judge also allowed the claims of Jay Cabera, filed September 17, 1987, and Cynthia Kramer, filed September 18, 1987, which were filed late due to confusion over eligibility.) Since Bausser's and Borre's claims were filed on the same day and presented almost the identical reasons for lateness (confusion over eligibility and filing for another family member), the denial of one and the allowance of the other is arbitrary. Consequently, we reverse the decision of the trial court as to Carol Bausser.

### 2. WILLIAM BAUSSER

William Bausser, like his wife, Carol, and Anthony Borre, filed a claim on October 13, 1987, because he was confused over eligibility. His claim was denied by the trial judge. For the same reasons we reverse the denial of Carol's claim, we also reverse the denial of William's claim.

### 3. KATHLEEN BENNETT

Kathleen Bennett filed her claim on December 11, 1987. She testified that her claim was delayed because she was preoccupied with personal problems. (Her husband had left her and three small children and her house was put up for sale to avoid foreclosure.) The trial judge denied Bennett's claim. On appeal, Bennett claims that her case is similar to that of Robert Full, who also filed late because of personal problems (the birth of a new child and a demanding work schedule). Full's claim, however, is distinguishable from Bennett's as it was filed on September 20, 1987, just five days late. However, the claim of Laverne Julian is factually similar to Bennett's—Julian filed late because she was preoccupied with personal matters (a breast biopsy). Her claim was filed only five days before Bennett's on December 6, 1987. The trial judge allowed Julian's claim. On this basis, it was unreasonable and arbitrary to deny Bennett's claim, and this decision is therefore reversed.

### 4. WENDY CAVANAUGH

Wendy Cavanaugh filed late—on December 1, 1987, as she also was preoccupied with personal matters (the birth of a second child). Like Kathleen Bennett, she compares her claim to that of Robert Full, who also filed late because of personal problems. Like Bennett's claim, Cavanaugh's claim was filed substantially later than Full's and is therefore not comparable for this reason. However, Cavanaugh's claim, based on preoccupation with personal problems, is factually comparable to Julian's claim, which was filed even later and was allowed by the trial judge. The denial of Cavanaugh's claim is therefore unreasonable and it is reversed.

### 5. THOMAS DUNAWAY

Thomas Dunaway filed a late claim on September 19, 1987. He claimed that he knew nothing about the class action suit against Jewel until he received a telephone call from the committee in early September 1987. He was informed that correspondence from the committee had been returned to the committee by the post office because of an incorrect address. Although the trial judge denied Dunaway's claim, he allowed the claim of Don Houser, filed December 12, 1987 (three months later). Hauser, like Dunaway, claimed that he had never received a claim form, as he had moved from Glen Ellyn to Addison, Illinois, and his mail had not been forwarded. Despite the arguments of opposing counsel that Hauser had been within the public notice

area throughout the pertinent time frame, the trial judge allowed the claim. Dunaway's claim is factually similar to Hauser's and was, in fact, filed earlier in time. The trial judge's denial of this claim is therefore unreasonable and is reversed.

### 6. JOHN FITZGERALD

John Fitzgerald, like Thomas Dunaway and Don Hauser, filed a late claim because he did not receive a timely notice. Fitzgerald had moved and had not furnished his doctor with his new address. As a result the committee was given the wrong address. Fitzgerald's claim was filed on January 5, 1988, just 19 days later than Hauser's. We do not find that this is an adequate basis on which to distinguish or to deny Fitzgerald's claim. This decision is therefore reversed.

### 7. RICHARD HEIBERGER

Richard Heiberger filed on December 7, 1987, because he never received any notice and was unaware that he needed to file a claim form until he read an article in the Chicago Tribune. Heiberger compares his claim to that of the Browns, who also filed late because they were unaware of the litigation. The Browns' claim is distinguishable from Heiberger's as it was filed on September 22, 1987, some two months earlier. Heiberger also compares his claim to that of Smith, who filed on October 1, 1987. Smith's claim was also filed two months earlier, and additionally, Smith had trouble receiving his mail as he had no locks on his mailbox. Because Heiberger's claim is distinguishable from the Browns' and Smith's, the trial judge did not abuse his discretion in denying this claim. This decision is therefore affirmed.

### 8. DIANE HOGAN

Diane Hogan filed late, on September 28, 1987, because she was preoccupied with personal problems (her father had died and she thought she needed medical reports in order to file). The trial judge's denial of her claim is not reasonable based on his disposal of the Full and Julian claims (filed September 20, 1987, and December 6, 1987, respectively). This decision is therefore reversed.

### 9. ARNOLD JEFFRIES

Arnold Jeffries filed on November 27, 1987, because he never received notice of the lawsuit since he had moved five times. Considering the trial judge's treatment of the Hauser claim (allowed even though filed on December 27, 1987, because of lack of notice), as well

as our decision as to Richard Heiberger, the denial of Jeffries' claim cannot stand and is therefore reversed.

#### 10. JAMES JOHNSON

James Johnson filed his claim form late, on October 5, 1987, as he mistakenly believed that the questionnaire he had completed earlier was the only necessary form to furnish. Our review of the late claims filed reveals that the trial judge routinely denied claims which were filed late because of a misunderstanding as to the claim form. While we may not have selected this criterion as a basis by which to distinguish claims, we cannot say that it was an abuse of discretion to do so. This decision is therefore affirmed.

#### 11. BETTY LARSEN

Betty Larsen did not file until October 6, 1987, because she was confused over her eligibility as she had no medical expenses. Since the trial judge allowed Anthony Borre's claim (which was filed later—October 13, 1987) based on a confusion over eligibility argument, it was irrational and arbitrary to deny Larsen's claim. This decision is therefore reversed.

#### 12. AND 13. ROBERT LENHART AND PATRICIA LENHART

Robert and Patricia Lenhart filed on February 8, 1988. They stated that they had never received claim forms and were unaware of the deadline for filing claims. Although they compare themselves to the Browns, who did not become aware of the litigation until they learned of it on television and subsequently obtained and filed a claim form, we find the cases distinguishable on the basis of time filed. The Browns' claim was filed on September 22, 1987, just one week after the extension of the deadline to September 15, 1987. The Lenharts' claims were not filed until February 2, 1988, some 4½ months later. It was reasonable for the trial judge to distinguish these cases on the basis of time filed and his decision to deny the Lenharts' claims cannot be seen as arbitrary. We therefore affirm this decision.

#### 14. HILWETH MASOUD

Hilweth Masoud filed late on December 2, 1987, as she had lost her claim form when she moved. She maintains that her case is similar to those of others, such as Full (filing September 20, 1987), who filed late because they were preoccupied with personal problems. While the trial judge did allow considerable latitude to claimants with troubling personal problems (Julian, Full, Bennett), he did

not extend the time limits to those who lost or misplaced claim forms (Theresa Cade, Judy Filipello, Donna Maire, Thomas Sykes). We do not find this distinction to be arbitrary or irrational. We therefore affirm the denial of Masoud's claim.

### 15. WILLIAM MILLAR

William Millar filed late on November 12, 1987, because he thought that the questionnaire was the only form necessary to be filed. As we noted earlier, the trial judge routinely denied claims which were filed late due to confusion over the appropriate forms. We therefore affirm the denial of Millar's claim.

### 16. AND 17. RUSSELL VALLIMONT AND CYNTHIA VALLIMONT

The Vallimonts filed on January 11, 1988. They alleged that they had moved three times since the salmonella outbreak and had never received any information about filing their claims until January 1988. Since the trial judge allowed the claim of Hauser (filed December 27, 1987) for substantially the same reason, it was arbitrary to deny the Vallimonts' claims. These decisions are therefore reversed.

### 18. COVACK WILLIAMSON

Covack Williamson filed on December 1, 1987, stating that he had never received an individual notice as he had moved several times during the filing period. Because the trial judge allowed other 1987 claims which were late due to lack of notice because of a move, we find that it was improper to deny this one. Therefore we reverse the denial of Williamson's claim.

LATE CLAIM HEARING: JUNE 9, 1988

### 1. ANDERSON ABERNATHY

Anderson Abernathy filed a late claim on September 24, 1987, because he had never received a claim form or notices regarding the litigation. The trial judge denied Abernathy's claim although he did allow the claim of Don Hauser (filed December 27, 1987), Patrick Smith (filed October 1, 1987) and Nancy and Richard Brown (filed September 22, 1987) for substantially the same reason. Since there is no rational way to distinguish Abernathy's claim from Hauser's, Smith's and the Browns', we reverse the decision of the trial judge denying this claim.

### 2. AND 3. DEBORAH AND CHARLES ANDREWS

Deborah and Charles Andrews filed on December 4, 1987. They stated that they had submitted questionnaires earlier and had believed that claim forms were unnecessary. Since the trial judge routinely denied all claims filed late for this reason (Johnson, Millar) we cannot find that he abused his discretion in denying the Andrews' claims, and we therefore affirm these decisions.

### 4. ROBERT BERNTH

Robert Bernth filed on February 2, 1988, stating that he did not receive an official claim form until he called the committee and requested one. Although Bernth compares his claim to that of the Browns (filed late, no notice), Bernth's claim was filed so much later in time that it is distinguishable on that basis. This decision is therefore affirmed.

### 5. THERESA CADE

Theresa Cade filed late on November 24, 1987, as she had misplaced the information that she needed to complete the claim form. Since the trial judge systematically denied claims filed late for this reason, we do not find his denial of Cade's claim to be an abuse of discretion. We therefore affirm this decision.

### 6. SHARON DENNISTON

Sharon Denniston filed on September 18, 1987, and alleged that she had not received notice of the August 15 deadline. The trial judge denied her claim although he allowed the claims others filed within a day of the deadline (Vasquez, Palmere, Zalinskas) as well as claims of others who stated that they had not received notice (Hauser, Smith, Browns). It was therefore improper to deny Denniston's claim and, accordingly, we reverse this decision.

### 7. RICHARD DERKS

Richard Derks filed on December 14, 1987, as he had not received notice of the cutoff date because he had moved and the mail was not properly forwarded. The trial judge denied this claim although he allowed those of similarly situated claimants such as Hauser. We therefore find the denial of Derks' claim to be improper and reverse this decision.

### 8. JUDY FILIPPELLO

Judy Filippello filed late on September 29, 1987, because she had misplaced her claim form. As the trial judge routinely denied claims involving misplaced or lost forms (Masoud, Maire, Sykes), his denial of Filippello's claim was not arbitrary or irrational. We therefore affirm this decision.

### 9. JERRY HALL

Jerry Hall filed his late claim on October 9, 1987. He thought he had completed all necessary forms when in fact he had only completed the questionnaire. Since the trial judge systematically disallowed claims for this reason (Johnson, Millar, Andrews), his denial of Hall's claim does not constitute an abuse of discretion. This decision is therefore affirmed.

### 10. ALAN JESIONOWSKI

Alan Jesionowski filed on December 10, 1987, because he was confused about his eligibility and thought he had to have tested positive for salmonella. Although the trial judge allowed the claims of other claimants (Cabera, Kramer, Borre) who were confused over their eligibility, these claims were filed substantially earlier in time (September 17, 1987, September 18, 1987, and October 13, 1987, respectively) and are distinguishable on this basis. It was not an abuse of discretion for the trial judge to disallow Jesionowski's claim. This decision is therefore affirmed.

### 11. VERNETTA KERBY-HILL

Vernetta Kerby-Hill filed a late claim on September 22, 1987. She alleged that she had moved because she got married, her parents forwarded her mail, but she did not receive the claim form. The trial judge denied her claim although he allowed the claims of others who moved and did not receive their forms (Hauser, filed December 27, 1987). His denial of this claim is therefore arbitrary and this decision is reversed.

### 12. ALICE JORDAN

Alice Jordan filed on December 1, 1987, because she was confused over her eligibility as she had no medical bills. Since her claim was filed substantially later than others allowed for the same reason (Cabera, Kramer, Borre), the trial judge did not abuse his discretion in denying this claim. This decision is affirmed.

### 13. SARAH LUBECK

Sarah Lubeck filed on January 26, 1988. She did not receive a claim form or learn of the need to file until January 1988, when the committee informed her that it had not received a claim from her. She alleges that her case is similar to that of Cora and Eddie Harris and Carmella Carlson, who had some contact with the committee but did not receive timely claim forms. Cora Harris' claim was postmarked December 5, 1987, and Eddie Harris' claim was postmarked December 6, 1987. Most significantly, Carmella Carlson's claim was postmarked February 9, 1988. The trial judge denied Lubeck's claim although he allowed the claims of others who were similarly situated. His denial of this claim is arbitrary and this decision is reversed.

### 14. DONNA MAIRE

Donna Maire filed on October 5, 1987, because she had misplaced the correspondence regarding the bar date. The trial judge disallowed her claim. Since he routinely disallowed claims involving misplaced or lost forms (Masoud, Filippello, Sykes), his denial of this claim is not arbitrary and is affirmed.

### 15. EARL McCAULEY

Earl McCauley filed on October 2, 1987. He filed late because he was confused about his eligibility and thought that he needed to be culture confirmed. The trial judge denied McCauley's claim although he allowed the claims of others similarly situated (Cabera, Borre, Kramer). This decision is therefore reversed.

### 16. LILY MOORE

Lily Moore filed on January 12, 1988, as she was confused over her eligibility. Although the trial judge allowed the claims of Cabera, Kramer and Borre, filed late because of confusion over eligibility, these claims were all filed substantially earlier than Moore's (September 17, 1987, September 18, 1987, and October 13, 1987, respectively). Staleness is a reasonable basis on which to distinguish a claim. We therefore affirm the trial court's denial of this claim.

### 17. DAN PIETRZYK

Dan Pietrzyk filed on February 9, 1988, as he had not received a claim form or any correspondence regarding the class action. Although he alleges that his claim is similar to that of the Browns (filed September 22, 1987), which was filed late due to lack of notice, the

difference in time makes Petrzyk's claim distinguishable. The trial judge did not abuse his discretion in denying this claim. The decision is therefore affirmed.

### 18. ERNESTINE POLK

Ernestine Polk filed on September 17, 1987, because she never received notice of the bar date. The trial judge denied her claim although he allowed those of others who filed within a day of the cutoff (Vasquez, Palmere, Zalenskas) as well as those of others who filed late because they did not receive notice (Browns). Because similarly situated claimants received different treatment, we find this decision to be arbitrary and therefore determine that it must be reversed.

### 19. AND 20. BETTY REINSCH AND LAWRENCE REINSCH

Betty and Lawrence Reinsch filed on September 24, 1987, as they had completed the questionnaire in 1985 and thought that the claim form was a duplication of this material. Since the trial judge routinely denied claims which were late due to confusion between the claim form and the questionnaire (Johnson, Millar, Andrews), his denial of these claims is not arbitrary and is therefore affirmed.

### 21. ELIZABETH REYNOLDS

Elizabeth Reynolds filed on September 23, 1987, because she was confused over her eligibility as she had no medical expenses. The trial judge denied her claim although he allowed those of similarly situated claimaints (Cabera, Borre, Kramer). This decision is therefore arbitrary and is reversed.

### 22. ANN SCOTT

Ann Scott filed on November 3, 1987. She testified that she gave the claim form to her husband in a timely manner and asked him to mail it. However, she found the form under the car seat in November. Since the trial judge routinely denied claims which involved lost or misplaced forms (Masoud, Filippello, Maire, Sykes), his denial of this claim is not an abuse of discretion and is therefore affirmed.

### 23. MARTIN P. SIMMONS

Martin P. Simmons filed on September 16, 1987. He alleged that he filed late because of his demanding work and study schedule. The trial judge denied his claim although he had allowed those of other claimants who were one day late (Cabera, Kramer) or who were pre-

occupied with personal problems (Full, Julian). The denial of Simmons' claim is therefore improper and is accordingly reversed.

### 24. DENISE SNELL

Denise Snell filed on December 7, 1987, because she had moved five times in the year and a half prior to the hearing and never received the claim form. Since the trial judge allowed the claims of others who had moved or who had otherwise had trouble receiving mail (Hauser, Smith), it was improper to deny Snell's claim. This decision is therefore reversed.

### 25. THOMAS SYKES

Thomas Sykes filed on October 3, 1987. He was late because he had misplaced the claim form under the car seat. Since the trial judge routinely disallowed claimants who had misplaced forms (Masoud, Filippello, Maire), it was not an abuse of discretion to deny Sykes' claim. This decision is therefore affirmed.

### 26. CHARLES TOMASEK

Charles Tomasek filed late, on February 2, 1988, as he was confused about what to file. He testified that when the claim forms came with the deadline notice, he gave the medical bills and records to his wife and asked her to complete his claim form. In early 1988, he learned that a claim form was never filed on his behalf and so he filed one. The trial judge's denial of this claim is consistent with his treatment of other cases involving mistakes made over claim forms. Consequently, this decision is affirmed.

### 27. CARMEN WATERS

Carmen Waters filed a late claim on September 25, 1987, as she had been preoccupied with personal matters (her divorce). The trial judge improperly denied this claim as he had allowed the claims of other similarly situated claimants. This decision is therefore reversed.

### LATE CLAIMS HEARING, MARCH 2, 1989

### 1. DELORES CRAWFORD

Delores Crawford filed on December 24, 1987. She filed late because she had moved and never received the claim forms. The denial of this claim was improper as the trial judge allowed the claims of other similarly situated plaintiffs who had trouble receiving their mail (Hauser, Smith). We therefore reverse the denial of this claim.

2. DELORES DOUGLAS

Delores Douglas filed on July 18, 1988, because she was preoccupied with personal matters (breast cancer, heart attack). Although the trial judge did allow other late claimants who had pressing personal problems (Full, Julian), Douglas' claim was filed substantially later in time than the others and the trial judge was, therefore, justified in denying it on this basis. This decision is affirmed.

3. JULIA C. KLEINOPS

Julia C. Kleinops filed on September 26, 1987. She filed late because she did not receive the letter regarding the deadline for filing. It was improper for the trial judge to deny her claim as he had allowed the claims of others who were similarly situated (the Browns). We therefore reverse this decision.

4. MARLA MARQUEZ

Marla Marquez filed a late claim on November 30, 1987, as she was confused over her eligibility, having previously signed a release with Jewel, and therefore did not return the forms she received from the committee. Although the trial judge allowed other late claimants who were confused over their eligibility (Cabera, September 17, 1987; Kramer, September 18, 1987; and Borre, October 13, 1987), these claims were filed substantially earlier in time than Marquez's claim and are thus distinguishable on this basis. Marquez also argues that because she moved to California in September 1986, she never received notice of the cutoff date. However, based on her confusion over eligibility, such notice would have been to no avail. The denial of this claim is therefore affirmed.

5. SHIRLEY A. MERTZ

Shirley A. Mertz filed on October 6, 1987, as she was confused over her eligibility. The trial judge improperly denied her claim, as he had allowed the claims of others who were similarly situated (Cabera, Borre, Kramer). This decision is therefore reversed.

6. AND 7. MARILYN J. MILLER AND RONALD J. MILLER

Marilyn and Ronald Miller filed on September 29, 1987. They had filed questionnaires earlier and had thought they were claim forms. Since the trial judge routinely denied late claimants who were confused about the questionnaire and the claim form (Johnson, Millar,

Andrews), it was not an abuse of discretion to deny this claim. This decision is therefore affirmed.

### 8. ALAN MILLER

Alan Miller filed on October 5, 1987, as his family had forgotten to mail the original claim form. The trial judge did not abuse his discretion in denying this claim as he had denied the claims of other similarly situated claimants (Masoud, Filippello, Maire, Sykes). This decision is therefore affirmed.

### 9. OPAL MOORE

Opal Moore filed on January 7, 1988, as she was living in temporary housing and had trouble receiving her mail. The trial judge improperly denied her claim as he allowed other claims filed this late in time which involved problems of receiving mail (Hauser, December 27, 1987). This decision is reversed.

### 10. VIRGINIA MULLERY

Virginia Mullery filed on January 7, 1988, as she had submitted a questionnaire previously and did not realize that she was required to submit a claim form. It was not an abuse of discretion to deny this claim, as all claims submitted late due to confusion between the questionnaire and claim form were denied (Johnson, Millar, Andrews). This decision is therefore affirmed.

### 11. CYNTHIA NELSON

Cynthia Nelson filed January 8, 1988, as she was preoccupied with personal problems (a divorce). Although the trial judge did allow the claims of Full (September 20, 1987) and Julian (December 6, 1987), filed late because of personal problems, Nelson's claim was filed almost a month later than either of these. Based on this distinction, it was not unreasonable for the trial judge to deny Nelson's claim. This decision therefore is affirmed.

### 12. LINDA OLSON

Linda Olson filed on January 25, 1988, as she was confused about her eligibility because her husband and four children had received a settlement from Jewel. The trial judge did not abuse his discretion in denying this claim as it was filed so much later than other factually similar claims. This decision is affirmed.

### 13. FRANK OLSON

Frank Olson filed on November 23, 1987, as he was confused about his eligibility. The trial judge did not abuse his discretion in denying this claim as it was filed substantially later in time (one month) than others allowed for the same reason. This decision is affirmed.

### 14. KARL SCHAVE

Karl Schave filed on September 30, 1987. He had not received his claim form earlier as he had moved to Oklahoma. Because the trial judge allowed the claims of other plaintiffs who had filed late due to trouble receiving the claim form through the mail (Hauser, Smith), it was improper to deny Schave's claim. This decision is therefore reversed.

### 15, 16 AND 17. JUDY SHEPARD, MARION SHEPARD, AND ROLAND SHEPARD

The Shepards filed on March 2, 1988, as they had not received notice earlier. They were well-identified class members who had received a notice of class action in October 1985, which stated that if they wished to remain in the class no further action was necessary. The Shepards compare their claims to those of Cora and Eddie Harris and Carmella Carlson. Cora Harris' claim was postmarked December 5, 1987; Eddie Harris' claim was postmarked December 6, 1987; and Carmella Carlson's was postmarked February 9, 1988. The Shepards' claims were filed only 22 days after that of Carlson, a difference in time insufficient upon which to rationally distinguish their claims from that of Carlson. The denial of the Shepards' claims is reversed.

### LATE CLAIMS HEARING, FEBRUARY 21, 1990

### 1. ERIC BOSSARD

Eric Bossard filed on October 8, 1987. He was a minor at the time. His father had filed the questionnaire for him and Eric was unsure about what other forms needed to be filed. Eric subsequently died on August 18, 1988. In denying this claim the trial judge inappropriately remarked, "The child is no longer with us anyway." Due to the unusual circumstances surrounding this filing, we find that it was improper to deny Eric Bossard's claim. This decision is reversed.

### 2. MARTHA BUNCH

Martha Bunch filed on January 13, 1988, because she was never notified of the class action or the procedures necessary to participate. When she learned of the litigation, she requested information on how to participate and filed the necessary forms. Although Martha Bunch compares her claim to that of the Browns, whose late-filed claim was allowed due to their lack of notice, the Browns filed on September 22, 1987, and their claim is distinguishable on that basis. The trial judge's denial of the claim is not unreasonable and is affirmed.

### 3. KATHLEEN CLEMENT

Kathleen Clement filed her late claim on May 19, 1989, as she was confused over eligibility because she had no medical records. Although she compares her claim to those of Cabera, Kramer and Borre, which were allowed due to confusion over eligibility, Clement's claim is not similar as it was filed so much later in time. The trial judge's denial of this claim is therefore rational and is affirmed.

### 4. JOSEPHINE ECHOLS

Josephine Echols died on January 28, 1987, and her son filed for her on September 20, 1987. He stated that he had trouble obtaining her medical records. The trial judge denied this claim although he allowed the claim of Donna Keto, filed on September 20, 1987, because she had to wait for medical records. Because of the unique circumstances surrounding this claim, and because the trial judge allowed the claim of a similarly situated plaintiff, we find that it was improper to deny Josephine Echols' claim. This decision is reversed.

### 5. EVELYN IMOBERSTEG

Evelyn Imobersteg filed on December 12, 1987, because she had not received notice of the class action and did not know how to participate. Although Imobersteg compares her situation to that of the Browns, who also filed late due to lack of information, she neglects to note that the Browns' claim was filed on September 22, 1987, almost three months earlier. Since the claims are distinguishable on this basis, the trial judge's decision denying Imobersteg's claim is not an abuse of discretion.

## 6. AND 7. DANIEL JACKSON AND EDDIE JACKSON

Daniel and Eddie Jackson filed on October 21, 1987, as they traveled and did not receive their mail or notice on a timely basis. Since the trial judge allowed other claims which were late due to trouble receiving mail (Hauser, filed December 27, 1987), it was improper to deny the Jacksons' claims. These decisions are therefore reversed.

## 8. MARY LOU McALISTER

Mary Lou McAlister filed her late claim on October 19, 1989, as she was unaware of the litigation before this time. This claim was filed so much later than others which were allowed because of a claimant's lack of awareness (Browns, September 22, 1987) that the trial judge's denial cannot be seen as arbitrary. This decision is therefore affirmed.

## 9. GYRTHA NAVARETTE

Gyrtha Navarette filed on February 11, 1988, because she was confused about her eligibility and thought she had to test positive to be eligible. Although the trial judge did allow a number of late claimants who were confused over eligibility, he did not allow any this late in time. Since staleness is a rational basis for distinguishing claims, it was not an abuse of discretion to deny this claim. This decision is therefore affirmed.

## LATE CLAIM HEARING, MARCH 29, 1990

## 1. BETTY JANE BOYD

Betty Jane Boyd filed on June 22, 1988, as she was confused about her eligibility, had no medical expenses, and was preoccupied with personal problems. The trial judge did not abuse his discretion in denying her claim, as he denied all others filed this late in time. This decision is affirmed.

## 2. MARGARET CAMELLINO

Margaret Camellino filed on October 10, 1987, as she had not received a claim form. The trial judge denied her claim although he had allowed the claim of the Browns filed just 18 days earlier due to lack of notice. Under these circumstances, it was improper to deny Camellino's claim. This decision is therefore reversed.

### 3. DIANE GAITAN

Diane Gaitan filed on August 18, 1988. She alleges that her claim is comparable to those of others who had attempted a timely family filing, namely, Marcellous and Marcus Brown. Marcellous Brown's claim was postmarked May 25, 1988. Marcus Brown's claim was postmarked May 27, 1988. Gaitan's claim was filed more than two months later. It was reasonable for the judge to distinguish these cases on the basis of time filed and his decision to deny Gaitan's claim cannot be seen as arbitrary. The decision of the trial court is affirmed.

### 4. ESTELLA HENDERSON

Estella Henderson filed on May 19, 1988, as she had health problems and was unable to file earlier. It was not an abuse of discretion to disallow this claim, as it was filed so much later in time than others which were allowed late due to preoccupation with personal problems (Julian, filed December 6, 1987). This decision is affirmed.

### 5. DALE JUSTIN

Dale Justin filed July 6, 1988, because he was confused about his eligibility. It was not an abuse of discretion to disallow this claim, as others filed this late in time for this reason were similarly denied. This decision is affirmed.

### 6. JERRY LEIS

Jerry Leis filed on December 3, 1987. He gave two separate reasons for his late filing. Initially, he stated that he did not file timely because his forms were sent to his son in Florida by mistake. Additionally, he explained that he had initially submitted his forms on August 14, but when he learned that there was no record of these forms he resubmitted a copy of the original form dated August 14, but postmarked December 3, 1987. The trial judge disallowed this claim. This case is factually similar to Hauser (filed December 27, 1987, because he moved and did not timely receive a claim form) or Willie Contreras, who filed on January 30, 1988, but alleged that an earlier claim form dated August 14, 1987, had not been received. Based on these comparable claims, it was improper to deny this claim. This decision is therefore reversed.

### 7. CAROL BOWIE MARASA

Carol Bowie Marasa filed on January 12, 1988, as she had difficulty in obtaining the information necessary to complete the form. It was not an abuse of discretion for the trial judge to deny this claim as he denied other claims filed this late in time for similar reasons. This decision is therefore affirmed.

### 8. MARGERY PALERMO

Margery Palermo's claim was filed on March 18, 1988. Since she was terminally ill at the time, her husband testified in her behalf that she had been listed on his timely filed claim form. Palermo compares her claim to others where a timely family filing was attempted, namely, claims of Marcellous and Marcus Brown (postmarked May 25, 1988, and May 27, 1988). The decision to disallow Margery's claim was inconsistent with the trial court's rulings allowing late filed claims where an attempted family filing was made before the bar date. The trial court allowed the claims of Marcellous and Marcus Brown under essentially identical circumstances. In fact, the claims of Marcellous and Marcus Brown were filed more than two months after Margery's claim was filed. Therefore, the decision of the trial court is reversed.

### 9. PAULINE B. PERSHING

Pauline B. Pershing filed on January 20, 1988, as she did not know she had to file a claim form. Although the trial judge did allow the claim of the Browns, also filed late due to lack of notice, the Browns' claim was filed substantially earlier in time (September 22, 1987) and is distinguishable on this basis. This denial is therefore affirmed.

### 10. KRISTINE PITTMAN-KILBURG

Kristine Pittman-Kilburg filed on September 16, 1987, as she had been preoccupied with personal problems. Due to his treatment of similarly situated claimants (Julian, Full), the judge's denial of Pittman-Kilburg's claim was improper. We therefore reverse this decision.

### 11. ARLENE STIDHAM

Arlene Stidham filed on April 30, 1988, as she had no earlier knowledge of the class action. It was not an abuse of the judge's

discretion to deny this claim as he denied other claims filed this late in time for this reason. This decision is therefore affirmed.

### 12. CLOYD REEVES

Cloyd Reeves filed on November 24, 1987, as he was preoccupied with personal problems and had been hospitalized during the time for filing and was thus unable to obtain the information necessary to complete the claim forms. Due to his treatment of other claims filed this late because of preoccupation with personal problems (Full, Julian), the judge's denial of this claim was improper. This decision is therefore reversed.

LATE CLAIM HEARING, MAY 5, 1990

### 1. ANNA CLAAR

Anna Claar filed on February 27, 1990, as she had moved from Illinois to Delaware in December 1985, and in 1987 she moved from one address to another address in the same city. She testified that she never received a claim form and lost touch with the legal proceedings. In February 1990, Claar contacted plaintiffs' counsel and obtained and submitted a claim form as quickly as possible. Claar compares her claim to those of Matthew Adams, Mark Lobaugh and Leslie Saumweber, all of whom moved outside the area of public notice and never received a claim form. However, Adams filed on October 15, 1987. Lobaugh filed on December 22, 1987. Saumweber filed on February 15, 1988. Claar's claim was filed more than two years later than all of these claims. It was reasonable for the judge to distinguish these cases on the basis of time filed and his decision to deny Claar's claim cannot be seen as arbitrary. The decision of the trial court is affirmed.

### 2. MILTON CONTRERAS

Milton Contreras filed on January 30, 1988. He said that he had filed a claim form prior to August 15, 1987. When he did not receive any acknowledgement, he called the committee, found out that there was no record of his claim, and resubmitted a claim form postmarked January 30, 1988. Although the trial judge denied Milton's claim, it allowed his brother's (Willie Contreras'), which was submitted under identical circumstances. Since there is no rational basis by which to distinguish these identical claims, we must conclude that this decision was improper. Therefore, we reverse this decision.

### 3. ALMA NOWOBILSKI

Alma Nowobilski filed on January 5, 1988, and explained that she had been preoccupied with a demanding work schedule (she was required to work 10 to 12 hours a day) and consequently did not hear or see any media response regarding the bar date. Although the trial judge did allow the claims of the Browns (September 22, 1987), who did not receive notice, as well as the late filed claims of Full (September 20, 1987) and Julian (December 6, 1987), because they were preoccupied with personal problems, none of these claims were filed as late as Alma Nowobilski's claim, and her claim is therefore distinguishable on this basis. The trial judge did not abuse his discretion in disallowing this claim, and therefore we affirm this decision.

### LATE CLAIM HEARING, JUNE 27, 1990

### 1. LARRELL RILEY

Larrell Riley died in December 1986. His mother, Annie Riley, filed a claim form on his behalf on December 20, 1987. She stated that she had not filed on time because during the filing period she was hospitalized on several occasions. The trial judge denied this claim although he allowed those of Full and Julian, who also filed late because they were preoccupied with personal problems. Since there is no reasonable basis by which to distinguish Riley's claim from those of Full and Julian, we find that the judge's decision was improper and accordingly reverse this determination.

### 2. DAWN SEMYCK

Dawn Semyck filed on March 7, 1988. She explained that she had moved three times in 1987 and that her mail was not properly forwarded. Although Semyck compares her claim to that of Hauser which was filed late due to a move and failure to receive mail, Hauser's claim was filed on December 27, 1987, some three months earlier, and is distinguishable on this basis. The trial judge's decision is not arbitrary and is affirmed.

### 3. TYRONE SMITH

Tyrone Smith filed on February 11, 1988, as he was confused over his eligibility. He had been a minor at the time of the outbreak and his mother did not submit a claim form on his behalf as he had not been tested. When he learned that he was eligible, Tyrone sub-

mitted a claim. Although the trial judge allowed late claims due to confusion over eligibility (Cabrera, September 17, 1987; Borre, October 13, 1987; and Kramer, September 18, 1987), he denied Tyrone's claim. Tyrone's claim is distinguishable from the other claims which were allowed due to confusion over eligibility as it was filed so much later in time. The trial judge's denial of this claim is therefore affirmed.

For the reasons set forth above, the various decisions of the trial court on the sundry claims of the additional plaintiffs are affirmed in part and reversed in part.

Affirmed in part and reversed in part.

MURRAY and COUSINS,* JJ., concur.

---

*Justice Cousins has read the briefs in this appeal in place of Justice Lorenz, who has retired.